GOERLITZ v. AMERICAN LINSEED CO.

No. 15845—Opinion Filed Nov. 24, 1925.

Rehearing Denied May 11, 1926.

1. Appeal and Error — Sufficiency of Evidence—Conclusiveness of Verdict.

A judgment of the court based upon the

verdict of a jury in a law action will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the verdict of the jury.

**2. Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by American Linseed Company against B. Goerlitz. Judgment for plaintiff, and defendant brings error. Affirmed.

Wm. Pfeiffer, Ray Trosper, and Stephen C. Treadwell, for plaintiff in error.

Robert Burns, for defendant in error.

Opinion by STEPHENSON, C. A contract was entered into between the American Linseed Company of Kansas City, as the first party, and B. Goerlitz, of Oklahoma City, as the second party. The second party thereby contracted to purchase from the first party 30 barrels of linseed oil at $1.17 per gallon. The shipment was to be made in five lots, the first shipment of five barrels to be made in November, 1920. The contract provided that the purchaser was to furnish specifications for shipment, and in the event of a failure to do so, the seller was authorized to ship raw oil. The price of linseed oil dropped from that in effect at the time the contract was entered into. The second party advised the American Linseed Company under date of November 9, 1920, that he would expect the several shipments to be billed to him at the price in effect on the date of the shipment; that the first party might make shipment in accordance with the suggestion or cancel the contract.

The second party failed to give shipping instructions, and the first party made the November shipment of five barrels of oil to the defendant along in the first days of December. The defendant refused to accept the shipment upon its arrival in Oklahoma City. The first party thereafter in writing tendered the several shipments to the defendant according to the terms of the contract. The defendant refused to accept either or any of the shipments of oil, and refused to make payment therefor. The first party commenced its action against the defendant for damages based on the difference between the market price and contract price of the oil at the time the defendant ought to have received the same under the terms of the contract, and the defendant

has appealed the cause here for reversal. The main contention relied on by the plaintiff in error for reversal is: That the instrument sued on was a single contract for the sale and purchase of 30 barrels of linseed oil, and that the failure of the plaintiff to make the five barrel shipment in November constituted a breach of the contract and relieved the defendant from its performance.

We think the defendant's letter of November 9th, virtually amounted to a breach of the contract upon his part. We think the question of the defendant breaching the contract under the evidence was sufficient to go to the jury. The verdict of the jury was in favor of the plaintiff, and there is sufficient competent evidence to support the verdict of the jury against the defendant. If there is any competent evidence which reasonably tends to support the verdict of a jury, a judgment based thereon, on appeal here, will not be reversed for insufficient evidence. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

The plaintiff was not called upon to make actual shipment of the five barrels of oil contracted for November shipment, if the defendant did not intend to pay for the same according to the terms of the written contract. The letter of November 9th indicates that the defendant took the position that since the price of oil had dropped he would not accept deliveries, unless the oil was billed to him at the price in effect at the time of the shipment. This proposition was in conflict with the terms of the written agreement, and there was sufficient evidence to make it a question of fact for the jury as to the defendant's breach of the contract.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 854, § 2834: 2 R. C. L. p. 194; 1 R. C. L. Supp. p 433: 4 R. C. L. Supp. p. 90: 5 R. C. L. Supp. p. 79.    (2) 4 C. J. p. 1129, § 3122.