## MITCHELL v. VOGELE.

No. 16401.   Opinion Filed March 15, 1927.

Rehearing Denied June 21, 1927.

(Syllabus.)

1. **Contracts—Construction of Ambiguous Written Contract as Mixed Question of Law and Fact—Parol Evidence.**

The determination of the meaning of a written contract is ordinarily a question of law for the court and not one of fact for the jury, but where there is a dispute between the parties to the contract as to what was intended by certain provisions in the contract and the contract is susceptible of more than one construction and this issue is properly raised by the pleadings, the construction of the contract then becomes a mixed question of law and fact and parol testimony is admissible to show what the intentions of the parties were when they entered into the contract and is determinable by a jury under proper instructions of the court.

2. **Appeal and Error—Error not Predicable on Instructions According with Theory of Case.**

Where the pleadings present issues, and the parties try a case upon a certain theory presented by the pleadings, and the instructions of the court correctly submit that theory to the jury, error cannot be predicated upon the giving of such instructions.

3. **Same—Conclusiveness of Verdict.**

Where the facts in a case are properly submitted to a jury under a correct theory of the law, and the evidence reasonably tends to support the verdict, it will not be disturbed on appeal.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Joseph D. Mitchell against Gust Vogele.   Judgment for defendant. and plaintiff appeals.   Affirmed.

Joseph D. Mitchell and Horton & Horton, for plaintiff in error.

Holcombe & Lohman. for defendant in error.

PHELPS, J.   On the 17th day of April, 1922. the plaintiff in error, who was plaintiff below, and defendant in error, who was defendant below, entered into a written contract, the alleged breach of which forms the basis of this action; such contract reading as follows:

"This indenture made and entered into this 17th day of April, 1922, by and between Gust Vogele, party of the first part, and Joseph D. Mitchell, party of the second part, witnesseth:

"For and in consideration of Joseph D. Mitchell acting as attorney for Gust Vogele relative to his interest in section 19, township 27, range 6, also S. E. ¼. section 24, township 27, range 5, Osage county, Okla., the party of the first part agrees to pay to Joseph D. Mitchell for his legal services and advice to be rendered, 25 per cent. of the amount made by the party of the first part over and above the amount which party of the first part may make  from agriculture or grazing on said land.   It is understood that party of the first part has a grazing and farming lease covering said land at this time, and that Joseph D. Mitchell, his attorney, is not to have any part of the farming and grazing proceeds derived by the party of the first part. but it is the intention of the party of the first part and the party of the second part that the party of the first part is intending to make money out of the above tracts of land or portions thereof, by way of leases, subleases, sales, damages, etc., and it is the intention of the parties hereto that Joseph D. Mitchell is to have 25 per cent. of that amount, and the same is to be paid from time to time as the amounts or amount is realized by the party of the first part.

"Gust Vogele,
"Party of the First Part.

"Joseph D. Mitchell,
"Party of the Second Part."

The defendant held the land described in the contract under and by virtue of a five-year lease covering the surface rights thereof, and after this contract was entered into a controversy arose between the defendant and the fee owner of a portion of the land over the lease, in which controversy the plaintiff, Joseph D. Mitchell, represented the defendant. Gust Vogele, and a settlement was effected by the terms of which the fee owner paid Mr. Vogele the sum of $500, and according to the terms of the contract Mitchell received $125 thereof.

It further appears that the defendant, Vogele, had a controversy with the Gypsy Oil Company, involving damages to Mr. Vogele's crops growing on a portion of the land, in which controversy Mitchell represented Vogele and received another $125, this representing 25 per cent. of the amount paid in settlement of the controversy, and in the same kind of a controversy on another part of the land covered by the contract

with the Gypsy Oil Company a settlement was effected, by which Vogele was paid $400, 25 per cent. of which went to Mitchell. It appears. however, that none of these controversies affected the north half of section 19, township 27, range 6, which belonged to John Wa-gosh-e and Charles Wa-gosh-e, who were both full-blood restricted Osage Indians, and it is the controversy over this part of the land embraced in the contract which furnishes the subject-matter of this litigation.

It appears that this land joins the town site of Webb City, and an effort was made by the plaintiff and defendant to subdivide the same into town lots for the purpose of subleasing the same, but as the land belonged to restricted Indians and the lease under which Vogele held the same provided that it should not be sublet without the consent of the owner and the approval of the Secretary of the Interior, no agreement was ever consummated. As there was considerable oil development in that vincinity and the oil companies holding leases covering this land desiring. no doubt, to avoid difficulty with the surface lessee, they paid him the sum of $6,700 for his interest in the premises and for one-fourth of this amount plaintiff brought suit in the district court of Osage county claiming this to be due under his contract. The cause was tried to a jury. resulting in a verdict for the defendant, to reverse which this appeal is prosecuted.

The sole question to be settled in this action is whether, under the terms of the contract between plaintiff and defendant, plaintiff was entitled to a one-fourth interest in the $6.700 for which defendant sold his five-year lease to the surface rights on this land; plaintiff claiming that, under the provision of his contract:

"The party of the first part is intending to make money out of the above tracts of lands, or portions thereof, by way of leases, subleases, sales, damages," etc.

—he is entitled to a one-fourth interest therein, and so pleads and prays in his petition. While. upon the other hand, defendant contends, and so pleads in his answer, that as applied to this particular tract of land:

"That it was contemplated between plaintiff and defendant to subdivide said lands in lots and blocks, streets and alleys, and sell leases thereon for a term of years, subject to the approval of the Secretary of the Interior. and the provisions of the contract referred to in the petition as 'leases,' 'subleases,' and 'sales,' has reference to the sale of leases on said lots and blocks as hereinbefore described, and 'damages' has reference to any amount collected from oil companies operating oil mining leases thereon, and this was the intention of the parties and what they had in contemplation at the time of the execution of said contract, but to consummate this purpose it was necessary to procure the consent of the owners of said land as well as the approval of the Secretary of the Interior. which it was understood and agreed the plaintiff should and would do; that the plaintiff failed to do this and the consent of the owners could not be procured, and the object of the parties and the purpose of this contract failed."

Under the above allegations of defendant's answer the court permitted him, over the objection of plaintiff, to introduce parol testimony to explain what the parties had in contemplation when the contract was entered into. This is by plaintiff assigned and urged as reversible error. A careful examination of the record, however, convinces us that the testimony so offered was, in the light of the whole record, competent. To be sure the rule is well settled that a written contract which is plain and unambiguous speaks for itself and it is for the court to construe the contract and advise the jury under proper instructions what the legal effect of the contract is and what the rights and liabilities of the parties thereto are, but, upon the other hand, the rule is just as well settled that where a contract is ambiguous and the court is unable to ascertain the intention of the parties from the face of the instrument itself, then extrinsic evidence is admissible to explain it and to give the court and jury the benefit of what was intended by the parties when the contract was entered into, so long as such evidence does not tend to vary or modify the written instrument itself.

Section 5052. C. S. 1921, provides that:

"If the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it."

Such was the holding of this court in Rider v. Morgan, 31 Okla. 98, 119 Pac. 958; Strange v. Hicks. 78 Okla. 1, 188 Pac. 347. and Kingfisher Mill & Elevator Co. v. Westbrook, 79 Okla. 188, 192 Pac. 209.

The pleadings in this case, as well as the evidence introduced, show that the parties to this contract each placed a different construction upon the language used in the contract, and because of the issues there

raised the court committed no error in admitting the oral testimony complained of.

In defendant's answer he further pleads that:

"Said contract was abandoned by both plaintiff and defendant long before such sale."

Under this allegation of the answer proof was introduced tending to show that the plaintiff had attempted to get the fee owners of the land in question to agree to defendant's plan to plat the land into lots and blocks, but that he had failed in his efforts to do so and had abandoned the plan, and upon this theory of the case the trial court gave to the jury instruction No. 6, reading as follows:

"Under the law, the contract entered into by and between the parties is presumed to be carried out within a reasonable time and in the ordinary course of events, without some definite time is fixed in the contract by which the same shall terminate, and if you believe from the evidence in this case that the plaintiff herein abandoned the contract, or that prior to the date the defendant received the sum of $6,700 from the oil companies in question, that the parties mutually agreed to terminate the contract, the plaintiff in that event would not be entitled to a recovery, and your verdict should be for the defendant."

The giving of this instruction by the court is also assigned and urged as a ground for reversal, but upon the issues joined by the pleadings and in the light of the evidence introduced in support of the allegations of the answer, this instruction, when considered in connection with the other instructions given, correctly submitted the defendant's theory to the jury and the court committed no error in giving the same. Wallace v. Blassingame, 53 Okla. 198, 155 Pac. 1143.

Having reached the conclusion that the court committed no error in admitting the parol testimony to explain what the parties meant by the terms of the contract, and having reached the conclusion that the court committed no error in giving the instruction complained of, and the jury having returned a verdict in favor of defendant and there being ample evidence in the record to support the jury's verdict, the same will not be disturbed by this court. Amons v. Howard. 111 Okla. 195, 239 Pac. 217; Nowlan v. Harner Oil Co., 118 Okla. 96, 246 Pac. 842; Goerlitz v. American Linseed Co., 117 Okla. 299, 246 Pac. 240, and many other cases.

The judgment is therefore affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, RILEY, and HEFNER. JJ., concur.

Note.—See under (1) 13 C. J. p. 770, §967; p. 783, §996; pp. 785, 786, §997; anno. 17 L. R. A. 273, 274; 10 R. C. L. p. 1065; 2 R. C L. Supp. p. 1147. (2) 4 C. J. p. 710, §2621. (3) 4 C. J. p. 853, §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.