**PENNSYLVANIA FIRE INS. CO. v. BROOK et al.**

No. 16625. Opinion Filed May 10, 1927.

Rehearing Denied July 5, 1927.

(Syllabus.)

1. **Insurance—Fire Policy—Construction—Apportionment in Case of "Other Insurance."**

Insurance obtained by a third person upon a distinct and insurable interest does not constitute other insurance within the meaning of a clause in a policy providing for apportionment in case of other insurance.

2. **Same—Recovery by Mortgagees on Independent Contract of Insurance.**

The mortgagees, without knowledge that the owner of the mortgaged property had insured the property against loss, and for the benefit of the mortgagees as their interest might appear, took out a contract of insurance and paid the consideration therefor. Held, that the mortgagees have an independent contract with the insurance company, and may recover the face of the policy and leave the insurance company to seek contribution from another insurance company carrying concurrent insurance.

3. **Same—Effect of Three-Fourths Value Clause.**

The three-fourths valuation clause, as evidenced by the rider attached to the policy, and the mortgage clause show that the two provisions relate to the value of the house insured and not to the amount of the mortgage indebtedness held by the plaintiff against the insured premises.

4. **Same—Recovery Sustained.**

Record examined; held to be sufficient to support judgment in favor of the plaintiff.

Error from District Court, Muskogee County; E. A. Summers, Judge.

Action by Ed K. Brook and Mulsey Manuel to recover on a fire insurance policy. Judgment for plaintiffs, and defendant brings error. Affirmed.

Rittenhouse & Rittenhouse, John F. Webster, and Frank E. Lee, for plaintiff in error.

Eck Brook and Ed K. Brook, for defendants in error.

HEFNER, J. A. T. Ingram owned and resided in a residence situated in the town of Porum, which he mortgaged to Ed K. Brook, as guardian of Luther Manuel, to secure indebtedness due the estate of the ward in the sum of $1,500. The owner procured a fire insurance policy on the residence from the Fidelity-Phoenix Fire Insurance Company for the sum of $4,000, to which a mortgage clause was attached in favor of Ed K. Brook. The mortgagor defaulted in payment of the mortgage and the guardian procured a judgment of foreclosure on the premises. Either during the foreclosure proceedings or after judgment, the guardian procured a fire insurance policy on the property from the Pennsylvania Fire Insurance Company of Philadelphia, in the sum of $2,000, to which a mortgage

clause was attached in favor of the guardian. The policy issued by the Pennsylvania Fire Insurance Company carried a rider which provided that in case of loss the company should not be liable for a sum of money greater than three-fourths of the actual cash value of the insured property.

The rider attached to the contract provided that the policy should be liable for loss according to the ratio which the total insurance bore to the policy sued on.

Ed K. Brook was later discharged as guardian and he and Mulsey Manuel were appointed as joint trustees of the estate of Luther Manuel. The residence was totally destroyed by fire while the two policies existed on the property. The companies declined to pay either policy. A. T. Ingram commenced an action on the $4,000 policy issued by the Fidelity-Phoenix Fire Insurance Company, which cause was removed to the federal court. Judgment was rendered in the trial of the cause. Orally the insured in favor of the insured for the use and benefit of the estate of the ward. Ed K. Brook intervened in the cause in the federal court, and filed his answer in the case before the trial of the cause. Only the insured filed a motion for new trial, which was pending at the time of the trial of the case involved in this appeal. The judgment of foreclosure on the mortgage and interest thereon had reached the sum of about $1,900 at the time Ed K. Brook and Mulsey Manuel as joint trustees filed their suit against the Pennsylvania Fire Insurance Company to recover on the fire insurance policy issued by the latter company in the sum of $2,000. The trial of the cause resulted in judgment in favor of the plaintiff on the policy for the amount of the indebtedness in about the sum of $1,900. The judgment further provided that such sums of money as the plaintiffs collected from the judgment reached in the trial of the cause in the federal court should be credited on the judgment in this case. The court further ordered that judgment should go against the Pennsylvania Company for the entire amount of the indebtedness. The latter company was authorized to sue the Fidelity-Phoenix Company for contribution of its pro rata part of liability on the loss.

The defendant has appealed the cause here and assigns three errors for reversal. The errors assigned submit the following propositions:

(1) That the plaintiff in no event was entitled to recover a sum of money greater than three-fourths of the mortgage indebtedness.

(2) That the defendent in no event was liable to the plaintiff for a sum of money greater than its pro rata share as determined according to the ratio which the entire insurance bore to the amount of the policy sued on.

(3) That the law of contribution and subrogation did not apply to the concurrent insurance involved in this case.

In this case the plaintiffs, who were the mortgagees, without knowing that the owner of the mortgaged property had insured the property against loss, and for the benefit of the mortgagees, as their interest might appear, took out a policy themselves and paid the consideration therefor and for their protection.

It is contended, first, by the plaintiff in error that in no event could the plaintiffs recover a sum of money greater than three-fourths of the mortgage indebtedness. Since the mortgage does not provide that the mortgagee is limited to three-fourths of the amount of the mortgage indebtedness, we think that the three-fourths value refers to the value of the property insured and not to three-fourths of the mortgage indebtedness.

It is next contended by the insurance company that in no event was it liable to the plaintiffs for a sum of money greater than its pro rata share as determined according to the ratio which the entire insurance bore to the amount of the policy sued on. In the case of Traders' Ins. Co. v. Pacaud et al. (Ill.) 37 N. E. 460, in the third paragraph of the syllabus it is said:

"Insurance obtained by a third person on a distinct and insurable interest does not constitute 'other insurance' within the meaning of a clause in a policy providing for apportionment in case of other insurance."

Again, in the case of Hartford Fire Insurance Co. v. Olcott, 97 Ill. 439, in a portion of the second paragraph of the syllabus it is held:

"* * * The owner of the property afterwards procured four additional policies on the same property, payable to himself and wife alone, in which the bank had no interest. Held, that the owner and the bank held distinct interests under the policy, it being, in substance, two contracts; that the owner, in a suit on the policy for a loss, would be limited to a recovery of the pro rata share of the company, when prorated with the amounts of the subsequent policies, and would be bound by his act of submitting the amount of damages to appraisal; but the bank, in a suit by it or its trustees, would

not be limited to a recovery of the insurance company's prorated share with the four companies issuing the subsequent policies. * * *"

Under these decisions, we think the mortgagees in this case took out the insurance for their own benefit and paid therefor, that they had an independent contract with the insurance company and were not bound in their action to a pro rata share as determined according to the ratio which the entire insurance bore to the amount of the policy sued on.

The court rendered judgment on the $2,000 policy in the sum of $1,938. The judgment provided that any sums of money which the plaintiffs received on the judgment rendered in the case in the federal court should be credited on the judgment in the instant case, and that the defendant should have judgment against the Phoenix Fire Insurance Company for the pro rata part of the liability of the latter company embodied in the judgment of the instant case.

The conditions of the policy sued on in this case determine the legal relation between the parties arising from the contract. Such legal relations are not varied or controlled by the outcome of litigation on concurrent insurance policies. No question of contribution or subrogation is involved. The judgment of the trial court is affirmed.

All the Justices concur.

Note.—See under (1) 26 C. J. p. 363, §465. (2) 26 C. J. p. 364, §465. (3) 26 C. J. p. 77, §72. (4) 26 C. J. p. 538, §754.