358 F.2d 883
 GREAT WEST CASUALTY COMPANY, a corporation, Appellant,
v.
TRUCK INSURANCE EXCHANGE, a corporation, H & M Leasing
Corporation, a corporation, National Farm Lines, an Oklahoma
cooperative association, and Par Truck Leasing,
Incorporated, a corporation, Appellees.
 No. 8127.
 United States Court of Appeals Tenth Circuit.
 March 23, 1966.
 
 Floyd L. Martin, Jr., Oklahoma City, Okl., and Joe Cosgrove, Sioux City, Iowa, for appellant.
 James W. Shepherd, Oklahoma City, Okl. (Foliart, Shepherd & McPherren, Oklahoma City, Okl., of counsel, on the brief), for appellee, Truck Insurance Exchange.
 Terry Shipley, Oklahoma City, Okl. (Johnston & Johnston, Oklahoma City, Okl., on the brief), for appellees, Par Truck Leasing, Incorporated, H & M Leasing Corporation, and National Farm Lines.
 Before PICKETT and SETH, Circuit Judges, and CHRISTENSEN, District judge.
 SETH, Circuit Judge.
 
 
 1
 The appellant insurance company, the carrier for a truck lessee, seeks to have its liability under a truck fire policy reduced by reason of the existence of other insurance procured by the owner of the truck which it asserts also covered the same loss. It commenced a diversity based declaratory judgment suit in Oklahoma against Truck Insurance Exchange, an appellee, to resolve the question. Appellant consented at trial that its insured, the truck lessee, could have judgment against it for the entire amount of the loss subject to its rights against the truck owner's insurer, Truck Insurance Exchange, which it contends should bear one-half of the loss. The trial court found that appellant should bear the entire loss, and this appeal was taken.
 
 
 2
 The record shows that the truck-tractor in question was completely destroyed by fire, and at the time of the loss it was leased by its owner, Par Truck Leasing Inc., to H & M Leasing Corporation. Pursuant to this lease, H & M had obtained an insurance policy from Great West Casualty Company which, among other risks, insured the vehicle against loss by fire. The owner of the truck, Par Truck Leasing, was the insured under a policy issued by Truck Insurance Exchange, an appellee. Both policies were in effect at the time of the loss. Great West brought the action to determine whether it could limit its liability by reason of the additional coverage under the Truck Insurance Exchange policy.
 
 
 3
 Based on parol evidence, the trial court found that the policy issued to Par by the Exchange was not intended to cover vehicles leased to others by Par where such lease agreement required the lessee to provide casualty coverage. The court concluded that Great West and the Exchange were not coinsurers of the loss, and the Exchange policy did not constitute 'other insurance' as the term was used in the Great West policy.
 
 
 4
 On appeal Great West argues that the terms of the Exchange policy issued to the truck owner are clear and unambiguous, and that the trial court erred in allowing the introduction of parol evidence to vary the terms of the policy. It argues that the clear terms of the Exchange policy extend coverage to the vehicle under the circumstances of the loss and that the loss must be prorated between the two policies under the 'other insurance' provision in the Great West policy.[1] It is further argued that without regard to the 'other insurance' feature referred to above, the two policies are concurrent insurance in that they insure the same risk, interest, and subject matter. Great West also argues that the certificates of insurance or loss payable clause endorsement issued by the Exchange to a mortgagee to accommodate Par in financing the purchase of the vehicle is also 'other insurance' within the contemplation of that clause.
 
 
 5
 Fundamental to the determination of appellant's principal argument is the issue of whether or not the trial court erred in allowing the introduction of parol evidence in order to define the intended limits of the coverage or vehicles covered under the Truck Insurance Exchange policy issued to the truck owner. In admitting the evidence, the trial court followed the rule that parol evidence is admissible where the written instrument is ambiguous, and where such evidence is offered to ascertain the parties' intention as an aid to construction and not to vary or modify the terms of the instrument itself. United States for Use of Bachman & Keffer Const. Co. v. H. G. Cozad Construction Co., 324 F.2d 617 (10th Cir.); Briggs v. Waggoner, 375 P.2d 896 (Okla.); Moore v. Emerson, 325 P.2d 437 (Okla.); Hawkins v. Mattes, 171 Okl. 186, 41 P.2d 880; Mitchell v. Vogele, 125 Okl. 176, 256 P. 906; 15 O.s.1961, 165.
 
 
 6
 It is recognized that the parol evidence rule is ordinarily applied only to issues between the parties to the contract and not to third parties; however, if this be ignored for the moment there is still no reason why the exception mentioned above should not apply to a controversy involving a stranger to the contract. This apparently was the position taken by the trial court as evidenced by his rulings on objections. Where a stranger to the contract is arguing for a particular application of its terms, the intention of the parties should be controlling whether that intention is determined from the instrument itself or from parol evidence properly admitted. Thus we will consider that the propriety of the introduction of parol evidence in the case before us depended upon a determination that the language in the contract is uncertain as to whether the truck in question was intended to be covered.
 
 
 7
 When the language of the policy is considered against the facts of this case, it is clear that such an uncertainty does exist. The Truck Insurance Exchange policy insures vehicles owned or used by the truck owner Par against the ordinary risks covered by casualty insurance policies including loss by fire. No reference is made in the policy to individual vehicles by serial number or otherwise. In this reporting type of policy the Premium Determination Endorsement is attached which provides for a deposit plus a fixed premium per gross mile traveled for the individual types of coverage. It was shown that under the policy in question the insured owner submitted a monthly statement of the gross mileage traveled by insured vehicles. The premium was then computed by multiplying such total by the rate for each type of coverage. Since the vehicles were not described in the Exchange policy, the practice of the parties to the contract as to the reporting provisions becomes significant. The uncertainty or ambiguity arises here by reason of the fact that on some trucks no mileage was reported or premium paid by Par. In particular no mileage was reported or premium paid by it to Exchange for the truck in question. Thus whether the truck in question was covered by the policy could not be determined from the policy alone. The question is not the usual one of the nature or extent of policy coverage, but whether the particular vehicle was covered at all.
 
 
 8
 It was shown that trucks were leased by Par under two types of arrangements. Under one arrangement Par furnished the lessee with insurance coverage, maintenance, fuel, and tires. When one or more of these items were furnished, the cost to the lessee was based on the number of miles driven. This sort of lease has the designation in the trade as a 'wet' lease. The other arrangement is called a 'dry' lease by which Par furnished only the vehicle, and the lessee was required to furnish all the items incident to the operation of the vehicle including insurance. It was shown that the latter arrangement was the one under which Par leased the truck in question to H & M. There is substantial evidence in the record including the reporting for premiums to support the finding that the Truck Insurance Exchange policy owned by Par was intended to cover vehicles which were in possession of the insured, or were leased under a 'wet' lease arrangement where Par agreed to furnish insurance, and that no coverage was extended to vehicles which were to be insured by the lessee. The policy is fully susceptible to such an interpretation, and the interpretation adopted and used by the parties to the contract should be controlling. Continental Casualty Co. v. Goodnature, 170 Okl. 477, 41 P.2d 77.
 
 
 9
 Since the truck was insured under only one policy, appellant's argument concerning 'other' insurance and concurrent insurance must fail. In addition, appellant's argument that the loss payable clause or certificate of insurance issued to a mortgagee of the truck constitutes other or concurrent insurance has no merit. This again is not 'other insurance' under appellant's policy nor otherwise to create double insurance. The appellant is certainly not a party to such certificates nor were they created for its benefit. Further, even if they could be considered in this action the interest insured by the mortgagee is an interest quite distinct from that insured by H & M under the Great West policy. In order for there to be contribution among insurers, the interest, as well as the risk and the subject matter, must be identical. Pennsylvania Fire Ins. Co. v. Brook, 125 Okl. 291, 257 P. 774; 6 Appleman, Insurance Law and Practice, 3903 (1942). No such identity of interest nor of parties here exists.
 
 
 10
 Affirmed.
 
 
 
 [1]
 The policy provides: '6. Other Insurance. If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss.'