## CLARK v. HERBERT.

No. 18157.    Opinion Filed Sept. 18, 1928.

(Syllabus.)

**1. New Trial—Statutory Grounds Exclusive —Right to Urge Any Matter Embraced in Statutory Ground.**

The statutory enumeration of grounds for a new trial is in this jurisdiction exclusive, and any matter for which a new trial may be granted is not waived if embraced within one of the enumerated statutory grounds which is set out and embodied in a motion for new trial.

**2. Pleading—Set-Off and Counterclaim— Requisite of Pleading.**

Where the defendant, in an answer, seeks to plead a cause of action against the plaintiff by way of counterclaim or set-off, said cause of action must be pleaded with the same particularity, completeness, and exactness as would be required had said cause of action been set forth in a petition, and it must show the character of the claim, how it accrued, and the facts making it a proper subject of set-off or counterclaim; and if it does not so show and appear, the same should be stricken from the answer upon proper motion filed by plaintiff.

**3. Contracts — Evidence — Parol Evidence Explaining Ambiguous Contract—When Interpretation of Contract for Court and When for Jury.**

The interpretation and determination of the meaning of a written instrument, or instruments, is ordinarily a question of law for the court and not one of fact for a jury, but where there is a dispute between the parties to the instrument as to what was intended thereby, or certain provisions therein, and the instrument is susceptible of more than one construction, and the issue arising between the parties on the meaning of the instrument is raised by proper pleadings, the construction of the contract then becomes a mixed question of law and fact, and testimony is admissible to show what the intentions of the parties were when they de-

ñvered and accepted the instrument, and is determinable by a jury under proper instructions of the court.

**4. Trial—Duty of Court to Give on Own Motion Proper Instruction on Issues.**

It is the duty of the court to give, upon its own motion, a substantially correct and proper instruction, as is applicable to the facts and issues joined.

Commissioners' Opinion, Division No. 1.

Error from District Court, Pawnee County; Edwin R. McNeill, Judge.

Action by E. M. Clark against Mary B. Herbert. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Clark & Clark, for plaintiff in error.

McCollum & McCollum, for defendant in error.

LEACH, C. E. M. Clark, plaintiff in error, as plaintiff below, filed this action in the district court of Pawnee county, against Mary B. Herbert, to recover judgment for legal services alleged to have been rendered by him under a written contract entered into between the parties in the year 1903. Upon a trial of the cause, a verdict and judgment was rendered in favor of the defendant, and plaintiff appeals. Parties retain their position here as in the trial court, and will be referred to as plaintiff and defendant.

In 1903, plaintiff, Clark, together with his partner, McGuire, entered into a written contract with the defendant, Mary B. Herbert, and her now deceased husband, under which the Herberts employed Clark and McGuire as attorneys to represent them in all litigation, in any and all courts to which there might be occasion to take the same, to recover 55 acres of land adjoining the town of Cleveland, Okla., known as the Wagg addition, which land had been previously deeded by Mary B. Herbert, owner, to S. R. Wagg, and by him platted into a townsite addition, and a portion of the lots therein sold and conveyed to third parties. The contract provided and stipulated, in part and in substance, that McGuire and Clark were to give their best skill and ability in representing the parties, and were to receive as consideration for their services an amount equal in value to an undivided one-third interest in the real estate, or any portion thereof that might be recovered or its equivalent.

Clark later acquired the interest of his partner, McGuire, in the contract. Pursuant to the contract of employment, suit was filed in the district court of Pawnee county in the name of the Herberts against S. R. Wagg and a large number of other defendants, to whom Wagg had sold lots in the addition. Upon a trial of such cause between the Herberts and the defendant Wagg, judgment was rendered in favor of the Herberts, cancelling the deed to the lands from Mary B. Herbert to the defendant Wagg, adjudging the defendant Wagg to have only a lien on the lands for a certain sum loaned by him to Herbert, and further adjudging and ordering an accounting between the parties to determine and adjudge the amount of the proceeds of the money derived from a sale of certain of the lots by Wagg to the third parties, and a referee was appointed.

Trial on the issues as between the Herberts and the other parties defendant, who had purchased lots in the tract from Wagg, was continued, and a separate hearing and judgment was later rendered thereon. The defendant Wagg appealed from the judgment rendered against him to the territorial Supreme Court, where the judgment of the district court was affirmed, and the case is reported in 19 Okla. 525, 92 Pac. 250. Thereupon, the defendant Wagg appealed to the Supreme Court of the United States, where the judgment was again affirmed, and the opinion of the Supreme Court of the United States therein will be found in 215 U. S. 546, 54° L. Ed. 321.

Upon a trial of the issues arising in the suit as between the Herberts and the other defendants in the action, who had purchased lots from defendant Wagg, the district court of Pawnee county adjudged certain of the defendants to be innocent purchasers, and denied the claim of the plaintiff to such lots, and further approved the report of the referee in such matter, finding the defendant Wagg indebted to the plaintiff in the sum of $2,794.23, but ordered, however, that that portion of the decree relative to the defendant Wagg await the mandate from the Supreme Court on the judgment from which Wagg had appealed. Mary B. Herbert appealed to the state Supreme Court from the latter judgment of the district court, and this court in an opinion reported in 27 Okla. 674, 117 Pac. 209, Herbert v. Wagg, affirmed the judgment of the trial court.

The plaintiff in error in that appeal, Mary B. Herbert, desired to further appeal the case to the Supreme Court of the United States, and to take some further action against the defendant Wagg, and she and her attorney, Clark, plaintiff in the instant case, apparently not being in accord in their views in the handling of the matter, her said attorney Clark did, at the request of Mary B. Herbert, execute, sign and deliver to her

a written instrument in the following form and words:

"Law Office of E. M. Clark.

"Pawnee, Oklahoma, 2-16-11.

"Herbert v. Wagg et al.

"I hereby release my one-third to all that may be recovered by an appeal of the case to the U. S. Supreme Court, recently decided adverse to us in the state Supreme Court, and to any damages against Wagg for having conveyed to innocent purchasers, and accepting my one-third of what has been won now the same as though said decision was now final.

"E. M. Clark."

Thereafter, Mrs. Herbert employed other counsel residing in the state of Missouri, upon a contingent basis, to represent her in the matter, and an appeal was attempted by her from the decision of the state Supreme Court to the Supreme Court of the United States, which appeal was dismissed for want of a record and prosecution. After such appeal was dismissed and the mandate of the state Supreme Court in that branch of the case handed down, the plaintiff in error here, Clark, joined by the other attorney subsequently employed by Mrs. Herbert, filed in the district court of Pawnee county an amended petition against the defendant Wagg, whereunder it was sought to recover from the defendant Wagg approximately $50,000, the alleged value of the lots conveyed by him to third parties, oil having been discovered on or in the immediate vicinity of the lots, after the filing of the first petition, and such attorneys appeared before the referee appointed by the court to hear the accounting and report on the issues then arising, the previous report and the accounting by the referee having been set aside by the district court on the ground that the defendant Wagg was not then a party before that court pending his appeal. Upon a hearing on the amended pleading, Clark and the other attorney, subsequently employed by Mrs. Herbert, both appeared, apparently acting together, and the referee made a report upon such hearing finding the sum of $4,315 to be due Mrs. Herbert by the defendant Wagg as the amount realized and acquired by Wagg from the sale of the lots to third parties, but denied the claim of the plaintiff for any sum based upon the alleged actual value of the lots or the oil therefrom. To such report of the referee both parties, Wagg and Herbert, filed exceptions, and while such exceptions and report of the referee were pending, the defendant Wagg, who was a resident of Wisconsin, died, leaving no estate in the state of Oklahoma. Mrs. Herbert, through her attorneys residing in the state of Missouri, filed a claim with the county court of the county in Wisconsin having jurisdiction of the estate of S. R. Wagg, deceased, for the sum of $50,000 to recover the value of the lots sold and conveyed by Wagg to third parties. After the filing of such claim, the administrator of the Wagg estate obtained an order in the district court of Pawnee county, Okla., reviving the action there pending in his, the administrator's name, and thereupon such administrator withdrew the exceptions of defendant to the report of the referee, and the district court overruled the exceptions of the plaintiff, Herbert, and entered an order approving the referee's report, and rendered judgment thereon in favor of the plaintiff, Herbert, against the administrator of the Wagg estate, for the amount and sum hereinbefore stated.

After approval of the report of the referee and rendition of judgment, Mrs. Herbert, through her counsel in Missouri, filed an amended or supplemental claim against the Wagg estate in Wisconsin, based upon the accounting and judgment rendered in the district court of Pawnee county, which amended and prior claims were disallowed, and Mrs. Herbert, acting through her Missouri counsel, appealed to the state courts of Wisconsin and instituted an action in the district court of the United States in Wisconsin, wherein she sought to recover against the Wagg estate the sum of $50,000 alleged to be due her by reason of the sale of the lots by Wagg to third parties, and likewise set up in that suit the judgment on the report of the referee in the district court of Pawnee county. The litigation in the state of Wisconsin finally terminated in a judgment in the United States District Court in favor of Mrs. Herbert against the administrator of the Wagg estate for an amount and sum equal to the judgment, with interest thereon, as rendered in her favor against Wagg in the district court of Pawnee county, amounting to the aggregate sum of $8,852, which judgment so rendered in the United States District Court was settled and released by the payment to Mrs. Herbert of the sum of $7,500, from which amount she paid certain costs and the sum of $2,100 to attorneys other than the plaintiff, Clark, and he now seeks by this action to recover a sum equal to one-third of the amount so paid Mrs. Herbert.

The defendant in the instant case, Mary B. Herbert, in her answer to plaintiff's petition, among other matters of defense, alleged, in substance, that the plaintiff, Clark, had long prior to the litigation in Wisconsin

withdrawn from the litigation which resulted in the recovery of the money from the S. R. Wagg estate, and had abandoned the same; that the defendant, in the year 1911, advised the plaintiff, Clark, that she desired to employ other counsel, and that in order to do so, it would be necessary for him to furnish her with some evidence that he no longer represented her and asserted no claim in the way of attorneys' fees for any moneys that might be recovered in subsequent litigation; that on the 16th day of February, 1911, the plaintiff did furnish her with such evidence and statement, and referred to and attached a copy of the release, a copy of which is set out in the statement herein; that the moneys mentioned and described in plaintiff's petition as having been recovered were moneys due defendant by reason of the said Wagg having conveyed to innocent purchasers property belonging to defendant, and are the damages specifically referred to by the plaintiff in his letter of February 16, 1911; that, upon the strength and authority of said letter of February 16, this defendant did employ other counsel to represent her in prosecuting her claim for such damages against the Wagg estate, and paid such other counsel fees for their services in so representing and recovering such damages; that plaintiff is bound by his written statement of February 16th, and is estopped from asserting that defendant is liable for any fees by reason of her recovery against the Wagg estate; that had she known plaintiff contrary to his written statement intended to assert any claim for fees by reason of her recovery against the Wagg estate, she would not have employed other counsel and agreed to pay them until she had a definite understanding and arrangement with plaintiff relative to his relationship to such litigation.

In the eighth paragraph of her answer she alleges that, in 1905, she executed and delivered to H. M. Scales an oil and gas lease on the premises sought to be recovered by her from the defendant Wagg, a copy of which lease is attached, and that as a part and parcel of the same transaction she executed to the said H. M. Scales a lease contract for and on behalf of the Herbert Oil & Gas Company, a copy of which contract is also attached; that, thereafter, the Herbert Oil & Gas Company farmed various tracts of land covered by the lease to other persons and companies, and such other persons and companies entered upon such tracts and developed the same for oil and gas; that all the moneys resulting from the production of such oil and gas were paid to the plaintiff herein; that said plaintiff received large sums of money by reason of such oil and gas production, the exact amount of which defendant does not know, but defendant alleges that the plaintiff has not paid over to her, and accounted for, her proper share of such moneys; that plaintiff should be required to render an account to defendant as to what moneys he has received from such productions and what moneys he has paid, if any, to defendant, out of such production, and that defendant have judgment against plaintiff for such sums as the court may find due defendant by plaintiff. Plaintiff, Clark, filed a motion to strike such ground of defense and cross-action upon the ground, in part, that such cause of action, if any, is not against plaintiff, but against H. M. Scales, or the Herbert Oil & Gas Company, a corporation; that said allegations are not a defense and could only be considered as a cross-petition, and contain no allegation as to what her interest was, or whether she claimed under the leases or seeks to set them aside, and if under the leases there is no allegation that this plaintiff was ever authorized by her to recover anything thereunder, and the claim for an equitable accounting would in any event call for a separate trial before the court, and therefore is not in any way connected with the cause of action sued on herein; which motion was denied, plaintiff excepted, and filed his reply. Upon a trial to a jury, a verdict and judgment was rendered for the defendant, and plaintiff appeals, setting up several grounds of error which are grouped and argued in his brief under the following propositions: The first argued and presented is the alleged error of the trial court in failing and refusing to sustain the motion of plaintiff to strike the eighth paragraph of defendant's answer and cross-action, relating to the execution of an oil and gas lease by defendant, and that the money from oil production due under such lease was paid to plaintiff, and that he failed to properly account for defendant's share, and asked for an accounting.

The defendant in her brief, while not conceding that the denial of the motion was erroneous, says that such alleged error was not presented in plaintiff's motion for a new trial, and therefore cannot be presented here on appeal. It is fundamental that such an error as complained of must be presented to the trial court in motion for a new trial, otherwise it cannot be presented upon appeal. Baker v. Citizen's State Bank of Okeene, 74 Okla. 182, 177 Pac. 568; Sarlls v. Hawk, 46 Okla. 343, 148 Pac. 1030; Akin v. Bonfils, 47 Okla. 492, 150 Pac. 194; Chicago, R. I. & P. Ry. Co. v. Warren, 132 Okla.

107, 269 Pac. 368. But we are unable to agree with the contention of the defendant that the alleged error was not embodied in the motion for a new trial.

Section 572, C. O. S. 1921, contains the grounds, or cause, affecting materially the substantial rights of a party litigant, upon which a new trial may be granted. The first division of the section is as follows:

"Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial."

The order of the trial court overruling the motion to strike a portion of defendant's answer was not an order or error of law occurring at the trial, but apparently is such an order as falls within the purview of the first division of section 572, supra, as above set out. Plaintiff's motion for a new trial embodied the above division, and was in part as follows:

"First: Irregularities in the proceedings in the court and in the orders of the court, and abuse of discretion by the court by which this plaintiff was prevented from having a fair trial, in that the court did not sever the alleged cause of action set up by defendant asking for an account for money had and received under and by virtue of a certain oil and gas lease, but allowed testimony with reference thereto to go to the jury and be considered by them in determining the issues raised and submitted on the cause of action set up in plaintiff's petition, which was a suit upon a written contract."

It is said in the case of Baker v. Citizens' Bank of Okeene, supra:

"The statutory enumeration of grounds for a new trial is, in this jurisdiction, exclusive; and any matter for which a new trial may be granted is waived if not embraced in a motion therefor."

We consider the error complained of as being one falling within the statutory enumeration of grounds for a new trial and embraced in plaintiff's motion for a new trial.

Since we find the error complained of was included in a motion for a new trial and covered by petition in error here, the question arises, "Did the court err in failing to sustain the motion to strike paragraph eight of the defendant's answer?" Sections 273, 274, 275, C. O. S. 1921, cover the matters that may be pleaded by way of answer, counterclaim, set-off or right of relief. That part of defendant's answer which plaintiff sought to have stricken out must come within the conditions of a counterclaim or set-off

as defined under sections 274, 275, supra, if it contained any claim entitled to be litigated in the action. Section 274, supra, reads in part as follows:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action. * * * The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or a settlement of the question involved therein."

The allegations of defendant's answer, paragraph 8, do not appear sufficient to bring the same within the terms and conditions of a counterclaim, in that the accounting sought thereunder and the moneys alleged to be due her, do not appear to arise out of the contract or transaction set forth in plaintiff's petition as the foundation of his claim, or sufficiently connected with the subject of the action, and necessarily or properly involved in the action, for a complete determination thereof. Defendant's answer does not allege or show the oil money was paid plaintiff by virtue or reason of his employment as attorney under the contract sued upon by him.

"A counterclaim or cross-petition must be pleaded as fully and distinctly, and with the same substantial requisites, as an original cause of action; it must be sufficient within itself, without recourse to other parts of the pleading, or other pleadings, unless by express reference. It should be separately stated, and must show with certainty the character of the claim, how it accrued, and the facts making it a proper subject of counterclaim or cross-petition." Mathews v. Sniggs, 75 Okla. 108, 182 Pac. 703.

The oil and gas lease referred to in defendant's answer was not made or entered into between plaintiff and defendant, but between defendant and a third party.

"A cause of action set up in a cross-bill must be germane to the original controversy; and where a defendant seeks to set up new and distinct matter, not maintainable under the provisions of the Code as counterclaim unless such matter is involved in a proper determination of the subject-matter of the original suit, a defendant will be required to litigate it in a separate action." Johnson v. Moore, 113 Okla. 238, 241 Pac. 140: Harris v. Warren-Smith Hardware Co., 44 Okla. 477, 144 Pac. 1050.

See. also, M. K. & T. Ry. Co. v. Wilkins, 125 Okla. 150. 256 Pac. 910.

The paragraph sought to be stricken out does not appear to be sufficient to bring it within the definition of a counterclaim, neither do we consider the same sufficient as a set-off and within the provisions of section 275, supra, which are:

"A set- off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court."

The accounting and moneys sought, under that part of defendant's answer which was asked to be stricken, do not appear to have arisen upon a contract between the plaintiff and defendant, and, as stated heretofore, it is not clear from an examination and reading of the pleading upon what theory or ground the defendant seeks to recover from plaintiff; that is, whether the sums sought to be recovered by defendant arose under contract, or in what manner the plaintiff acquired or came into possession of the money due and payable under the oil and gas lease set up in defendant's answer.

"Where the defendant, in his answer, seeks to plead a cause of action against the plaintiff by way of set-off, said cause of action must be pleaded with the same particularity, completeness, and exactness as would be required had said cause of action been set forth in a petition, and it must show the character of the claim, how it accrued, and the facts making it a proper subject of set-off." Schmidt v. Turnbuckle Oil Co., 88 Okla. 223, 212 Pac. 418.

In the body of the opinion in the last above case, the court in referring to a set-off said:

"It must show the character of the claim, how it accrued, and the facts making it a proper subject of set-off. In short, it must state facts sufficient to constitute a cause of action within itself in favor of the defendant and against the plaintiff."

"A defendant may set forth in his answer as many grounds of defense, counterclaim or set-off as he may have, but a set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court." National Bank of Claremore v. Jefferies, 126 Okla. 283, 259 Pac. 260.

See, also, Abraham v. State ex rel. Mothersead, 117 Okla. 77, 244 Pac. 741.

Under the state of the pleading, considered in the light of the decisions of this court, we conclude that the trial court should have sustained the motion to strike from defendant's answer that part herein referred to.

The second and third propositions presented in brief of plaintiff also relate to the action of the trial court in refusing to grant a separate trial on the accounting sought under paragraph 8 of defendant's answer, and the action of the court in refusing to withdraw from the jury all the testimony and exhibits relating thereto. The plaintiff moved the court to grant a separate trial on the matters alleged in paragraph 8 of defendant's answer; also moved the court to withdraw from the jury all the evidence introduced and relating thereto.

Defendant in error, in response to the argument on the question of granting a separate trial on the accounting feature relating to the oil production, says the court granted such plea of the plaintiff, and cites a portion of the journal entry of judgment, wherein it is recited that it was stipulated and agreed that the accounting feature set up in defendant's answer be not submitted to the jury, but that the same be, at a later date, submitted to the court. Notwithstanding such agreement, it appears from the record that some testimony and evidence relating to the matter was introduced in the trial of the cause before the jury. The defendant was permitted to introduce over plaintiff's objections a letter from defendant to plaintiff, a portion of which is as follows:

"It is well, I think, to let you know how I feel about the injustice and embarrassment with which I have been treated of late, by you in my business matters. Last summer you promised to have the Spencer matter arranged satisfactory in a short time. * * *

"My fairness and consideration seems to have been returned by discourtesy and injustice. Then I have received no statement from the oil sold by the Herbert Oil & Gas Company, or business statement from you for about 18 months, not since Mr. Lescurn was in your office in charge of the books. There must be something due me from oil by this time, anyway I am entitled to a statement of the money received by you and especially as this was the agreement in the lease. * * *"

Some other testimony was given relative to failure of the plaintiff to properly account to the defendant for oil production money which she claimed was due her under the lease referred to in her answer, which testimony was likely to raise a question in the mind of the jury as to whether the plaintiff had properly accounted to defendant and affect their verdict. The defendant in error says such evidence was offered and admitted upon the theory and ground that it was competent for the purpose of showing that the defendant, Mrs. Herbert, was dissatisfied with her counsel in his handling of her affairs and the reason for the termination of the contract of employment between

the parties, and was not introduced for the purpose of establishing any claim for moneys alleged to be due by plaintiff, Clark.

We think the letter referred to goes beyond the issues, is prejudicial, and was improperly admitted. If the court did admit such class of testimony with a view of throwing light on the execution of the release, and any part thereof be admissible for such purpose, then the jury should have been so advised and their consideration thereof limited to such purpose. The trial court did, in its instruction, in stating the issues and allegations of the parties, say:

"There are other allegations in reference to the oil and gas lease which have been referred to, as to an acounting between the parties herein, which are not material for your consideration, but which are reserved for the consideration of the court."

Such statement by the court we consider insufficient to properly apprise the jury that they were not to consider or weigh the testimony relating to the oil production, except in so far as it had bearing on the interpretation of the release executed by plaintiff on February 16, 1911.

The fifth proposition presented by plaintiff in error is that the court erred in refusing to direct and hold that the burden of proof was upon defendant by reason of her counsel's opening statement. Under the record presented, the court properly advised the jury as to the burden of proof. Under the issues and evidence, no error is found under the proposition presented. The court instructed that the burden was upon defendant to show that the plaintiff had released her from the original contract.

The fourth, sixth, seventh, eighth, ninth, and twelfth propositions presented by plaintiff may be considered together, because they all assert, in substance, that the court erred in submitting the question of the meaning and interpretation of the release executed by plaintiff under date of February 16, 1911, to the jury; that the court should have held as a matter of law that plaintiff did not release or waive his right or interest in the sum sought to be recovered, and rendered judgment for plaintiff. It is the contention of plaintiff that the construction of the contract must be determined by the court as a question of law. After an examination and consideration of the release, in the light of the attendant circumstances and condition of the litigation to which it relates, we are unable to say that it is plain and unambiguous, its meaning and purpose clear. Both parties to the action agree that the interpretation of the instrument is

the important and principal issue in the litigation. Plaintiff contends the release waived his right and interest only in such amount or judgment as might later be obtained from or against Wagg as damages, not meaning or including the amount received by Wagg from sale of lots, as referred to in judgments then in force, but meaning by the word "damages", the value of the lots over the amount received by Wagg on sale, including the value of any oil taken from such lots by the purchasers; while defendant contends the release waived and released all interest or claim to any recovery or judgment except the lots or real estate then definitely won.

"Where a transaction is evidenced entirely in writing, or more than one writing, and a mere question of their interpretation arises this is a question solely within the province of the court to decide; but if the execution is attended with such circumstances that the real purpose of the transaction, as evidenced by such writing, comes in question, and the proof as to the actual intention rests in parol, as well as in the writing, it then becomes the province of the jury to determine that real intention, from all the facts and circumstances that are held relevant, competent, and material in proof of the main fact, the admission of which proof is to be controlled by the court in the exercise of a wise and reasonable discretion." Waldrep v. Exchange State Bank of Keifer, 81 Okla. 162, 197 Pac. 509.

"The determination of the meaning of a written contract is ordinarily a question of law for the court, and not one of fact for the jury, but where there is a dispute between the parties to the contract as to what was intended by certain provisions in the contract and the contract is susceptible of more than one construction, and this issue is properly raised by the pleadings, the construction of the contract then becomes a mixed question of law and fact, and parol testimony is admissible to show what the intentions of the parties were when they entered into the contract, and is determinable by a jury under proper instructions of the court." Mitchell v. Vogele, 125 Okla. 176, 256 Pac. 906.

See, also, Kingfisher Mill & Elev. Co. v. Westbrook, 79 Okla. 188, 192 Pac. 209; Standard Accident Ins. Co. v. Goldberg, 120 Okla. 108, 250 Pac. 892.

Under the pleading and evidence, the construction of the release, as we view it, comes within the rule laid down in the above cases, and the trial court did not commit error in submitting the same to the jury.

The tenth proposition presented by plaintiff in error is that the court erred in allowing the defendant to testify as to what she

considered the meaning of the instrument or release. The plaintiff testified and offered evidence to show his |interpretation and understanding of the release, and in view of section 5052, C. O. S. 1921:

"If the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed at the time of making it, that the promisee understood it."

—the question and answer propounded to and given by defendant do not appear to constitute any prejudicial error. See Kingfisher Mill & Elev. Co. v. Westbrook, supra.

The eleventh proposition presented by plaintiff in error is that the court erred in giving instruction No. 4, which instruction is as follows:

"No. 4. You are further instructed that if you find and believe that said plaintiff did not by his efforts as counsel for the defendant herein, secure the judgment in the court of Wisconsin, or in any way assist therein as counsel for defendant, then your judgment will be for the defendant."

The plaintiff in error says the instruction left no possibility for the jury to render a verdict in his favor without violating the instruction. We agree somewhat with such contention, and think the instruction erroneous under the record. It appears the defendant assumed and tried the case upon the theory that the release or instrument executed by plaintiff and delivered to her on February 16, 1911, waived any and all rights in or to any sums thereafter collected, or judgment obtained from, or against, S. R. Wagg, or his estate, and she did not predicate her defense as we view it, upon a breach of the contract of employment, or deny the right of plaintiff to recover upon the ground that he had failed to perform his duties under the contract by failing to obtain the judgment in the courts of Wisconsin. The instruction assumes it the duty of, and makes it obligatory upon plaintiff to have secured, or assisted in procuring, the judgment as counsel for defendant. If, as a matter of fact and law, the plaintiff had an interest or right under his contract of employment in or to any judgment or moneys obtained by reason of the judgment against S. R. Wagg, or his estate, in the district court of Pawnee county, then, we consider, under the record presented, that he did not lose or waive his entire right therein merely by failing, if he did fail, to prosecute or assist, as attorney for defendant, in securing the judgment in Wisconsin. The defendant, Herbert, was seeking in the state of Wisconsin to enforce and collect a sum much in excess of the amount of the judgment rendered in her favor in the district court of Pawnee county.

Plaintiff contends that he conferred with the defendant's counsel relative to the litigation in the state of Wisconsin, and that it was agreed between him, defendant, and her Missouri counsel, that since the counsel in Missouri had railroad passes and could go to Wisconsin without the expense of paying railroad fare, the litigation there could be handled by the Missouri counsel.

The instruction complained of, in the absence of any additional instruction relating thereto or qualification thereof, appears prejudicial to the rights of plaintiff.

"It is the duty of the court to give, upon its own motion, a substantially correct and proper instruction, as is applicable to the facts and issues joined." Beams v. Young, 92 Okla. 294, 222 Pac. 952.

See, also, Okla. Prod. & Ref. Corp. v. Freeman, 88 Okla. 166, 212 Pac. 742; First Natl. Bank v. Cox, 83 Okla. 1, 200 Pac. 238; Stout v. Mott, 105 Okla. 74, 231 Pac. 532.

From an examination of the entire record, we find the cause should be reversed and remanded, with directions to grant plaintiff a new trial, vacate the judgment entered, and proceed in accordance with the views herein expressed.

BENNETT, TEEHEE, DIFFENDAFFER, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. p. 759. (2) 31 Cyc. pp. 227, 229; 24 R. C. L. p. 875. (3) 13 C. J. p. 783, §996; p. 785, §997; 22 C. J. p. 1192, §1593; anno. 17 L. R. A. 273, 274; 10 R. C. L. p. 1065; 2 R. C. L. Supp. p. 1147. (4) 38 Cyc. p. 1901.