### CLARK v. HERBERT.

No. 21228.     Sept. 19, 1933.

Rehearing Denied Dec. 19, 1933.

E. W. Clark, for plaintiff in error.

McCollum & McCollum, for defendant in error.

CULLISON, V. C. J. E. M. Clark, as plaintiff, instituted suit against Mary B. Herbert, defendant, seeking to recover an attorney fee alleged to be due and owing

from defendant to plaintiff. The contentions of the parties in this case have been before this court and passed upon in 132 Okla. 272, 270 P. 329, wherein this court reversed the judgment of the trial court and remanded said case for a new trial because of the error of the trial court in permitting proof of certain facts in the nature of a counterclaim against plaintiff. When the case was returned to the trial court for a second trial, defendant filed an amended answer in which she pleaded as one element of her defense the matter of estoppel. Plaintiff filed a motion seeking to strike said defense, which motion was overruled, and plaintiff saved proper exceptions thereto. Upon the trial of said cause, judgment was rendered for the defendant, and plaintiff appeals.

The question for our determination in this appeal is, What construction should be placed upon the written instrument which is the basis of defendant's defense?

The record discloses that plaintiff was an attorney who entered into a contract with defendant to carry on certain litigation for defendant on a contingent basis. Defendant was the owner of a tract of real property adjacent to the town of Cleveland, Okla. A mortgage was executed upon said land to Wagg, and in addition to the mortgage defendant executed a deed which was to be held by the bank of Cleveland for a specified period of time and be turned to Wagg in the event defendant defaulted in the payment on the mortgage. Wagg wrongfully procured possession of the deed, placed the same of record, and platted some 55 acres of land into town lots, a portion of which had been sold to innocent purchasers. Defendant employed plaintiff to carry through litigation relative to recovering said property. This litigation proved to be extensive. The first case in said litigation was tried in the district court, carried to the territorial Supreme Court, Wagg v. Herbert, 19 Okla. 525, 92 P. 250, won in said court, and appealed to the United States Supreme Court, where the decision was affirmed, 215 U. S. 546, 30 S. Ct. 218, 54 L. Ed. 321. A second case, involving another element in said litigation, was tried in the district court, appealed to this court, 27 Okla. 674, 117 P. 209, where the judgment of the trial court was affirmed.

In the latter case, Herbert v. Wagg, 27 Okla. 674, 117 P. 209, the question of recovering the lots sold to innocent purchasers was decided against Herbert, defendant herein, but defendant recovered in an accounting against Wagg for the value of the lots. Defendant was desirous of appealing this case to the Supreme Court of the United States, but plaintiff advised against so doing. Defendant was dissatisfied and insisted that she be permitted to appeal, but could not employ other counsel on a contingent basis so long as plaintiff was in said case, and in order to permit defendant to procure counsel to appeal the decision of the Oklahoma court, 27 Okla. 674, to the Supreme Court of the United States, plaintiff executed a written release, delivered the same to defendant, which said release is as follows:

"Herbert v. Wagg et al. 2-16-11.

"I hereby release my 1/3 to all that may be recovered by an appeal of the case to the U. S. Supreme Court, recently decided adverse to us in the State Supreme Court, and to any damages against Wagg for having conveyed to innocent purchasers, and accepting my 1/3 of what has been won now the same as though said decision was now final.

"E. M. Clark."

Plaintiff's contract with defendant, supra, provided that he should receive one-third of whatever was recovered for defendant. After the execution of said release defendant procured other counsel, who appealed the decision in 27 Okla. 674 to the Supreme Court of the United States, and said appeal was finally dismissed. Defendant also employed other counsel who carried on litigation relative to recovering damages from Wagg because of his platting the land of defendant and selling it to the innocent lot purchasers. There was also litigation in the state of Wisconsin whereby defendant sought to force the payment of the amount found due under the accounting against the estate of Wagg, who had lately died. After the litigation had been carried on in Wisconsin for several years, a settlement was reached whereby Wagg's estate paid to defendant $7,500 in settlement of all rights against the Wagg estate.

Plaintiff contends that he is entitled to a part of this $7,500 under his contract with defendant, and defendant contends that plaintiff's release released defendant from further liability to pay any additional attorney fee to plaintiff. Plaintiff contends that the trial court erred in not striking that part of defendant's answer pleading estoppel and in the proceedings following, touching the question of estoppel.

When this court reversed the case on the former appeal and returned the case

for a new trial, 132 Okla. 272, defendant filed an amended answer in which she pleaded the question of estoppel along with other grounds of defense. Plaintiff moved to strike certain of the grounds pleaded in the amended answer, and the court sustained plaintiff's motion in part, but overruled plaintiff's motion as to the sixth defense of defendant, to wit, estoppel. Plaintiff saved proper exceptions, and objected to the evidence thereon.

The determining factor in this case is the release given by plaintiff to defendant and heretofore set out in this opinion. Defendant contends that, under the terms and conditions of said release, when considered in connection with plaintiff's acts, plaintiff was estopped to claim further recovery from defendant. A very brief statement of facts will aid in our consideration:

The first case tried by Clark, plaintiff herein, as attorney for Herbert, defendant herein, was a suit to recover certain land. Herbert had mortgaged the land to Wagg. who also required that a deed be placed in the local bank with the provision that the deed be delivered to Wagg if Herbert defaulted. Wagg wrongfully procured possession of the deed, placed it of record, and platted part of the land into town lots. In the first suit, 19 Okla. 525, Herbert recovered the land held by Wagg, but the title to a larger number of lots sold by Wagg to purchasers was not in issue. The next case was when Herbert filed suit to recover the lots from the purchasers, who had procured title through Wagg. The case was appealed to this court, 27 Okla. 674, and the court held against Herbert on the question of recovering the lots from innocent purchasers. Herbert desired to appeal the case to the United States Supreme Court, but Clark considered it useless. In order that Herbert might appeal said cause to the United States Supreme Court, Clark executed and delivered the release under consideration. A third element in the litigation between Herbert and Wagg had been tried in the district court, to wit, the accounting between Herbert and Wagg for the value of the lots sold by Wagg. A referee had been appointed, evidence taken, and he had made his findings thereon, finding that Wagg owed Herbert a certain amount because of the town lot transfers.

We have just outlined the status of litigation conducted by Clark, plaintiff herein, for Herbert, against Wagg and the individual lot owners, at the time plaintiff delivered the release to defendant.

In the light of the above facts, we will consider the release. It provides:

"I hereby release my 1/3 to all that may be recovered by an appeal of the case to the United States Supreme Court, recently decided adverse to us in the State Supreme Court, and to any damages against Wagg for having conveyed to innocent purchasers."

The first part of this statement, whereby Clark released his one-third of what might be recovered by appealing the case just decided by the state court to the United States Supreme Court, referred to the case reported in 27 Okla. 674, wherein this court held that Herbert could not recover the lots sold to innocent purchasers. Herbert wanted to appeal to the United States Supreme Court, and Clark, as her attorney, considered it useless effort, advised her so, and gave her a release as to that litigation so that she might procure other counsel and take an appeal to the United States Supreme Court. Herbert appealed said cause to the United States Supreme Court, and the case was later dismissed by that court. About 1914, Herbert employed Attorney Watson of Kansas City to handle the litigation. Wagg was a resident of Wisconsin, and certain litigation was instituted in the United States District Court of Wisconsin, seeking, among other things, to collect damages from Wagg because after Wagg platted the land and sold a large number of town lots, producing oil wells were brought in on the Herbert land. This litigation extended over several years. The litigation just mentioned was what was referred to in the release as the damages against Wagg and others. So that the two cases as outlined above cover the first part of the release.

The last part of the release is: "Accepting my 1/3 of what has been won now the same as though said decision was now final." In considering the last part of said release, we observe that in the first case, reported in 19 Okla. 525, Herbert recovered from Wagg all of the land remaining in Wagg's possession, so that, said judgment being final, the property recovered thereunder would come within the final portion of the release just quoted. We also observe that there was the matter of an accounting between Wagg and Herbert, and that said matter was referred to a referee, who made the accounting. The referee found that there was over $2,700 due from Wagg to Herbert, and this was the status of said litigation at the time of the giving of the release by Clark wherein he pro-

vided, "Accepting my 1/3 of what has been won now the same as though said decision was now final." We observe that there had been two trials when Herbert had won or won in part and lost in part. The first case Herbert won from Wagg the land Wagg was holding, and that judgment had been final for several years, so Clark did not refer to that case when he said that he would accept the one-third of what had been won the same as though the decision was now final. The only other question was the accounting which had been ascertained by the referee favorable to Herbert, but said matter was held up because of the appeal before this court and would be held up longer if the case was appealed to the United States Supreme Court. The judgment on the accounting finally became final. Wagg died in Wisconsin and extensive litigation ensued in Wisconsin, where a judgment was won by Herbert, which judgment was settled by the payment of $7,500 by Wagg's estate to Herbert in 1924, shortly before the filing of the case at bar.

In the case at bar defendant filed an amended answer wherein she pleaded estoppel, contending that by the terms of the release given defendant by plaintiff and certain representation made by plaintiff, he was estopped from claiming any amount due from defendant. Defendant quotes in her brief excerpts from letters written by plaintiff to defendant to show estoppel. Defendant quotes from a letter written five days after giving the release, in which plaintiff stated that he freely released all claim to further pursuing the case and gave her a free hand therein, but the letter (R. 247-248) shows that plaintiff had stated in the previous paragraph thereof that he had hoped to win in the Supreme Court, but "our disagreement made it necessary for me to abandon that branch of the case," thereby releasing her and giving her a free hand in handling the same. The record discloses that the rehearing was denied in Herbert v. Wagg, 27 Okla. 674, on January 3, 1911, and the letter was written February 21, 1911. The statement under consideration could refer only to giving defendant a free hand to carry the appeal of said case to the United States Supreme Court.

The next letter relied upon by defendant (R. 254) is from plaintiff, wherein he informs defendant in regard to procuring the record from the Supreme Court for her Kansas City lawyer and informs defendant that in that branch of the case "you have discharged your Oklahoma lawyers and have none and when I surrendered my 1/3 I severed my connection with that part of the case,—This being true my five years' work is surrendered to you." Plaintiff refers to sending of the record of the Supreme Court to the Kansas City lawyer, and then mentions that he is out of that branch of the case. This refers to defendant perfecting an appeal from the Supreme Court of Oklahoma to the United States Supreme Court, and plaintiff advised defendant that he was out of that branch of the case. The fact that he stated that he was surrendering his five years' work does not necessarily mean that plaintiff was surrendering everything, but that he was surrendering his five years' work on that branch of the case being appealed to the United States Supreme Court. If Herbert won in the appeal to the United States Supreme Court, she received the benefit of Clark's five years' legal work and Clark received nothing therefor. Such is the interpretation to be placed on said letter. A rational interpretation of the release and letters introduced by defendant was not sufficient to show estoppel against plaintiff. However, when we consider plaintiff's side of the case and evidence offered thereon, we find a materially different state of facts.

Defendant wrote plaintiff in July, 1914, in regard to plaintiff working with defendant's Kansas City lawyer in handling the litigation. In September, 1914 (R. 271), defendant wrote plaintiff that Judge Watson, her attorney from Kansas City, was leaving for Pawnee, and she expected Clark to aid him to the utmost of his power. Defendant wrote plaintiff in June, 1916 (R. 273), in regard to certain costs in connection with the litigation and suggested that: "As you are to meet part of this in proportion as your share in the returns I hereby request as a beginning that you pay the $18 required by the court for Monday's hearing." This was written in 1916, and the release was executed in 1911. This shows that defendant did not consider plaintiff out of the litigation in 1916, five years after the execution of the release. In 1917, defendant wrote plaintiff (R. 278) in regard to certain costs of which plaintiff was to pay a part. In 1916, Watson, defendant's attorney in Kansas City, wrote plaintiff (R. 280) acknowledging receipt of a check from plaintiff to be used if the money could not be secured from defend-

ant. In 1917, Watson wrote plaintiff (R. 281) in regard to the litigation, and again in 1922 and 1923 (R. 283-284). In 1914, plaintiff wrote defendant (R. 274-275) and furnished her a copy of certain pleadings for Watson's consideration.

After considering all the facts and circumstances just enumerated and the legal effect thereof, we find that no estoppel was shown against plaintiff.

When this case was before this court, 132 Okla. 272, the Commissioner writing the opinion held that the release given by plaintiff to defendant was sufficiently ambiguous so that it was not error for the trial court to submit to the jury the question of the meaning and interpretation of the release. The law cited in the former decision is proper, where the facts and circumstances are such as to bring the case within the rule. The facts and circumstances leading up to the giving of the release by plaintiff to defendant and the acts of both parties thereafter have been enumerated, supra. In the light of all the facts and circumstances enumerated, supra, we do not consider that the release was so vague and uncertain as to require the interpretation of the same by the jury.

As we view this case, the question for determination is, What money, if any, sought to be recovered by plaintiff was derived from the accounting against Wagg? This accounting had been concluded at the time of giving the release to defendant. The accounting was later set aside and re-established in a larger amount. Whatever was won under the accounting was all that plaintiff would have any claim on for attorney's fees. But we consider that plaintiff has clearly established his right to his proportionate part of the money procured from Wagg on the accounting, and that he did not release said right by the execution of the release in question.

This litigation has been very extensive. It has not been the fault of plaintiff that it covered so much time, but was brought about by defendant. Under our view of the law, as expressed in this decision, and the record in said case, we hold that the judgment of the trial court should be reversed and set aside. The record discloses that defendant finally recovered from Wagg $7,500, the same being derived from the accounting in the district court, the right to which was reserved by plaintiff when he executed the release. Under plaintiff's contract he was entitled to one-third there-

of. In order to terminate this extensive litigation, it is ordered that plaintiff recover from defendant $2,500, in accordance with the terms of the contract.

The judgment of the trial court is reversed and remanded, with directions to render judgment in accordance with this opinion.

RILEY, C. J., and OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. SWINDALL, J., not participating. McNEILL, J., disqualified. ANDREWS, J., absent.