## MRS. M. M. WOODWARD, Respondent, v. DR. T. G. DONNELL, Appellant.

### St. Louis Court of Appeals, December 14, 1909.

1. **DAMAGES: Value of Services: Necessity of Evidence to Prove.** In an action to recover the value of services rendered by plaintiff's minor son as "dentist's assistant," the employment is not so common, nor the value of such services so within the common knowledge of all men, that courts and juries are to be presumed to know that value without any proof thereof.

2. ——: ——: ——: **Nominal Damages.** In an action to recover the value of services rendered by plaintiff's minor son as "dentist's assistant," where there was no evidence of the reasonable value of the services, at most, plaintiff would be entitled to recover nominal damages.

3. **PARENT AND CHILD: Emancipation, Effect of: Question of Fact.** In an action to recover the value of services rendered by plaintiff's minor son, it was error to exclude testimony offered to show that the son had been emancipated and that plaintiff was not entitled to compensation for his services, that being a question of fact, for if he had been emancipated plaintiff could not recover.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

REVERSED AND REMANDED.

*Anthony F. Ittner* for appellant.

(1) Where there is no evidence tending to prove the constitutive facts set up by the party who sustains the burden of proof, the court is bound on request to direct the jury to return a verdict for the opposite party. 2 Thompson on Trials (1889 Ed.), sec. 2245; McQuillin on Instructions to Juries in Missouri Civil Cases, sec. 168; Russell v. Barcroft, 1 Mo. 663; Rucker v. Eddings, 7 Mo. 116; Harris v. Woody, 9 Mo. 114;

Woodward v. Donnell.

Lee v. David, 11 Mo. 114; Clark's Adm'x v. Railroad, 36 Mo. 203; Boland v. Railroad, 36 Mo. 484; Jaccard et al. v. Anderson, 37 Mo. 91; Smith v. Railroad, 37 Mo. 287; Callahan v. Warne, 40 Mo. 132; Hyde v. Railroad, 110 Mo. 272; Maddox v. Maddox, 114 Mo. 197; Riley v. Sherwood, 144 Mo. 354; Defoe v. Defoe, 144 Mo. 458; Aylward v. Briggs, 145 Mo. 604; Sehr v. Lindemann, 153 Mo. 276; Gilpin v. Railroad, 197 Mo. 319; Forbes v. Dunnavant, 198 Mo. 193; Ahern v. Boyce, 19 Mo. App. 552; Pueschell v. Kansas City Wire & Iron Works, 79 Mo. App. 459. (2) In an action on a *quantum meruit* for the reasonable value of services alleged to have been performed, proof of the reasonable value of the alleged services is one of the constitutive or essential elements to the cause of action, in the absence of which no recovery can be had. Rucker v. Eddings, 7 Mo. 116; Biglow v. Carney & Hart, 18 Mo. App. 534; Ahern v. Boyce, 19 Mo. App. 552. (3) There is no evidence tending to prove the reasonable value of plaintiff's alleged services, therefore the trial court erred in refusing at the close of plaintiff's case to grant defendant's instruction in the nature of a demurrer to the evidence. 2 Thompson on Trials (1889 Ed.), sec. 2245; McQuillin on Instructions to Juries in Missouri Civil Cases, sec. 168; Russell v. Vancroft, 1 Mo. 663; Rucker v. Eddings, 7 Mo. 116; Harris v. Woody, 9 Mo. 114; Clark's Adm'x v. Railroad, 36 Mo. 203; Boland v. Railroad, 36 Mo. 484; Jaccard et al. v. Anderson, 37 Mo. 91; Smith v. Railroad, 37 Mo. 287; Callahan v. Warne, 40 Mo. 132; Hyde v. Railroad, 110 Mo. 272; Maddox v. Maddox, 114 Mo. 35; McFadin v. Catron, 138 Mo. 197; Riley v. Sherwood, 144 Mo. 354; Defoe v. Defoe, 114 Mo. 458; Aylward v. Briggs, 145 Mo. 604; Sehr v. Lindemann, 153 Mo. 276; Gilpin v. Railroad, 197 Mo. 319; Forbes v. Dunnavant, 198 Mo. 193; Biglow v. Carney & Hart, 18 Mo. App. 534; Ahern v. Boyce, 19 Mo. App. 552; Pueschell v. Wire & Iron Works, 79 Mo. App. 459.

(4) If a minor has been emancipated the parent is not entitled to recover in a suit for the reasonable value of the services of such minor, and the defendant is entitled to prove the fact of such emancipation. Therefore the trial court erred in excluding evidence sought to be adduced by defendant on cross-examination of plaintiff's witness, Charles Woodward, tending to prove that plaintiff's minor son had been emancipated. Schouler's Domestic Relations (5 Ed.), sec. 367; Ream v. Watkins, 27 Mo. 516; Burlingame v. Burlingame, 7 Cow. 92; Corey v. Corey, 19 Pick. 29; Tillotson v. McCrillis, 11 Verm. 479; Jenison v. Graves, 2 Blackf. 450.

*Robert C. Grier* and *John Lally* for respondent.

(1) The contract of employment may be ignored in the pleading and action brought, as for *quantum meruit*. Crump v. Rebstock, 20 Mo. App. 37; Barnett v. Sweringen, 77 Mo. App. 64; Halpin v. School District, 54 Mo. App. 371; Keith v. Ridge, 146 Mo. 90. (2) The value of common services is a matter of such general knowledge, that almost any intelligent citizen may be presumed to know it and need not be proven by expert testimony. Kelly v. Rowane, 33 Mo. App. 440; Bogne v. Corwine, 80 Mo. App. 620. (3) The consent of a parent that his minor child may work and receive pay for himself, is but a license revocable at will as between him and the child. It is only when the implied emancipation has been acted upon by some third party, dealing with the child in good faith, that the parent will be estopped to assert his customary right against such third person. Soldancls v. Railroad, 23 Mo. App. 516.

STATEMENT.—This action was commenced before a justice of the peace of the city of St. Louis, by filing a statement or petition, which sets out that on or about the first of January, 1905, defendant employed plaintiff's minor son as an assistant in his dental office in

the city of St. Louis; that the employment continued until about the sixth of October, 1905, and his services were reasonably worth thirty-five dollars a month, or $322 for the full period.    Alleging a demand and refusal to pay the whole or any part of the claim, judgment is demanded for $322 and costs.    From a judgment in favor of plaintiff before the justice, the case was taken on appeal to the circuit court.    Upon a trial before the court, a jury having been waived, it was in evidence that the son Charles, then eighteen or nineteen years of age, had been working in an electrical appliance company and receiving thirty-five dollars a month wages, which he collected.    The defendant, who is a dentist, told plaintiff that he wanted this son to work for him, promised to give him the use of his books, material, instruments and to pay his way through college, holding out the promise of a successful future for the son.    He was to teach the son the rudiments of dentistry.    It appeared that a contract had been written out but had never been signed.    The young man continued in the employment of the defendant as an assistant, doing the mechanical or laboratory work, making molds, taking impressions, polishing and making crowns, the usual work connected with dentistry, such as molding teeth, polishing artificial teeth, and various services apparently pertaining to a dentist's apprentice. While he was with the defendant he was given books and directed to read up on various matters connected with dentistry.    About the 6th of October, 1905, and without any explanation or any reason given to plaintiff or to her son, the defendant discharged the son.    As before stated, when previously employed as a helper in an electrical appliance concern, the son had been receiving wages amounting to thirty-five dollars a month, and which he collected himself.    After his discharge by the defendant he was earning from ten to fourteen dollars a week in some employment, the nature of it not disclosed, but apparently not with a dentist.    Neither the

mother nor son was paid wages by defendant. . Under cross-examination, the son was asked if he collected his own wages while employed by the electrical company. He said that he had done that during the whole length of his employment with that company. Objection being made by plaintiff's attorney to this line of inquiry, the court asked counsel for defendant what the object was, if it was to show that the young man had been emancipated. Counsel answered that that was the object, "that they proposed to show that he had been emancipated." Whereupon the court sustained the objection to the continuance of the line of inquiry, and defendant duly excepted. This was substantially all the testimony in the case and at its conclusion the defendant asked an instruction, that under the statement filed, and the evidence in the case, plaintiff was not entitled to recover. This was refused and, defendant introducing no evidence, the court found for plaintiff in the full amount sued for and rendered judgment accordingly. Defendant, excepting, filed a motion for new trial and that being overruled duly perfected an appeal to this court.

REYNOLDS, P. J. (after stating the facts).—As will be noted in the statement of the case, this is an action for the value of services rendered. The only evidence introduced as to the value of the services was the fact that before entering into the employ of the defendant, the young man, son of the plaintiff, had been receiving thirty-five dollars a month as an assistant in an electrical supply or equipment company, and after he quit the employment of defendant he had been receiving from ten to fourteen dollars a week. It is argued by counsel for the respondent that this evidence was sufficient to show the value of the services of the plaintiff's son; "that the services rendered were those of a dentist's assistant, the value of which services need not be determined from expert testimony, but are such

as may be estimated by any one of ordinary intelli-
gence." We cannot agree to this proposition.

In Cobb v. St. L. & Han. Ry. Co., 149 Mo. 609,
where the point was made that there was no proof of
the value of the medical services and attendance during
sickness, beyond the general statement of the plaintiff
that he did not keep an account of these expenses, but
that they amounted to about four hundred dollars, ex-
pended for nurses' and doctors' services and for ice,
medicines, etc., the court, at page 630, holds that as
there was no objection or exception saved to the general
character of plaintiff's testimony in this regard and he
was not cross-examined on the subject, it could not hold,
on this record, that objection could be taken to
the general nature of the instructions as to recovery
for these services. But while so holding, the court cites
and refers to several cases in which it was held, and as
the court says, rightly, that proper objection hav-
ing been made, an instruction based on such
services had nothing in the evidence to support it and
was erroneous. Referring to the case of Murray v. Rail-
road, 101 Mo. 236, in which it was ruled that evidence
was not necessary as to the expense for nursing, as a
jury could tell from the length of time plaintiff was in
bed and from their own knowledge as to the value of
such services what they were worth, Judge SHERWOOD,
who delivered the opinion in the Cobb case, states that
he does not regard that case as well considered on that
point and it should not be followed. He further refers
to the case of Smith v. Railroad, 108 Mo. 243, as a case
which was reversed on the distinct ground of the failure
to prove the value of the services of the physician em-
ployed, concluding with the statement that he is unable
to see why evidence is any more necessary as to the
value of the physician's services than as to those of
nurse's, nor why a jury could any better, without evi-
dence, determine the value of the latter than of the
former.

In Duke v. Mo. Pac. R. Co., 99 Mo. 347, it is held that where damages claimed are susceptible of proof with approximate accuracy and may be measured with some degree of certainty, they should not be left to the guess of the jury, even in actions *ex delicto*.

This court, in Mabrey v. Gravel Road Co., 92 Mo. App. 596, held, at page 609, that "it is doubtless necessary to make definite proof of the value of lost time when it can be done, and it is proper and the better practice to introduce opinion evidence along with the facts, when it cannot be."

In Bradner v. Rockdale Powder Co., 115 Mo. App. 102, where it appeared that no proof was adduced to show the reasonable value of the services plaintiff rendered in selecting a suitable site for the location of a powder magazine, plaintiff insisting that the value of such services came "within the common knowledge of ordinary men," and that the jury might settle on that value without evidence to aid them, Judge GOODE, who delivered the opinion of the court, after citing cases, holds that "the reasonable value of such services as plaintiff rendered is not a matter of such common knowledge that testimony on the subject may be dispensed with. It was very easy to procure testimony on the point and some ought to have been introduced. The very essence of a case *quantum meruit* is the reasonable value of the work in dispute; and when the case is such that the inquiry as to the value is susceptible of proof by testimony, proof must be made," citing Mabrey v. Gravel Road Co., supra.

Applying that to the case at bar, the whole ground on which a recovery is based is the value of the services of the plaintiff's son to the defendant, or to any dentist, in the business or occupation in which the son was engaged. That occupation is referred to as "a dentist's assistant." Certainly such employment is not so common or the value of such services so within the common knowledge of all man, that courts and juries are to be

presumed to know that value without any proof thereof. We are compelled to hold, therefore, that so far as the amount of the verdict is concerned, under the evidence in the case, the finding cannot be upheld; at most plaintiff would be entitled to recover nominal damages.

We are compelled to reverse this case for another reason. Defendant offered to show that the young man, son of plaintiff, had been emancipated and that by enjoyment of the fruits of his labor by the consent of his mother, she was no longer entitled to claim compensation for his services. The question of emancipation or not, is a question of fact; if it was true, the plaintiff was not entitled to recover. The offer and the effort of defendant's counsel was to prove the fact of emancipation. It was error to reject and exclude testimony on that line.

For the reasons given, the finding and judgment of the circuit court is reversed and this cause remanded. All concur.