STATE EX REL. NORTHERN PACIFIC RY. CO., RELATOR, *v.* DUNCAN, COUNTY CLERK, RESPONDENT.

(No. 5,380.)

(Submitted September 21, 1923.  Decided October 15, 1923.)

[219 Pac. 638.]

*Mandamus — Taxation — Improvements on Railroad Rights of Way—Rate of Assessment—Classification of Property—Statutes—Constitution.*

Taxation—Improvements on Railroad Rights of Way—Rate of Assessment.
   1. *Held*, on application for writ of mandate, that improvements on a railroad right of way for purposes of taxation fall within class 4 of section 1999, Revised Codes of 1921, providing for taxation of all land, with improvements thereon, and therefore are assessable at thirty per cent of their true and full value under section 2000, and not within class 7, embracing all property not included in the preceding six classes, and assessable at forty per cent of their true value.

Same—Classification of Property must be Based upon Substantial Distinctions.
   2. A classification of property for purposes of taxation must be based upon substantial distinctions which make one class really different from another, and therefore a classification which subjects property owned by a railroad to a higher rate of assessment than property of precisely the same character owned by an individual is arbitrary, discriminatory, unfair and therefore unconstitutional.

---

1. Valuation of railroad property for purpose of taxation, see notes in **Ann. Cas.** 1916E, 1180, 1186, 1198, 1201; **Ann. Cas.** 1917E, 1100.

Statutes—Constitutionality Upheld if Possible.
   3.   Where two constructions of a legislative Act are possible, one
   of which will result in declaring it constitutional and the other un-
   constitutional, the supreme court will prefer the former.

Original application for writ of *mandamus* by the State, on the relation of the Northern Pacific Railway Company, against A. J. Duncan, as County Clerk of Lewis and Clark County, to compel him to circulate and extend upon the assessment-book the taxable value of improvements upon relator's right of way, upon the basis of thirty per cent of the assessed value of such improvements.   Writ issued.

*Messrs. Gunn, Rasch & Hall*, for Relator, submitted a brief and one in reply to that of Respondent; *Mr. M. S. Gunn* argued the cause orally.

Citing: *Hilger* v. *Moore*, 56 Mont. 146, 182 Pac. 477; *Northern Pac. Ry. Co.* v. *Saunders County* (Mont.), 214 Pac. 596; *Gulf etc. R. Co.* v. *Ellis*, 165 U. S. 150, 41 L. Ed. 666, 17 Sup. Ct. Rep: 255; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 46 L. Ed. 679, 22 Sup. Ct. Rep. 431; *Lake County* v. *Rollins*, 130 U. S. 662, 32 L. Ed. 1060, 9 Sup. Ct. Rep. 651; *People* v. *Smith*, 123 Cal. 70, 55 Pac. 765; *Santa Clara County* v. *Southern Pac. R. Co.*, 118 U. S. 394, 30 L. Ed. 118, 6 Sup. Ct. Rep. 1132 [see, also, Rose's U. S. Notes].

*Mr. Wellington D. Rankin*, Attorney General, for Respondent, submitted a brief.

Buildings of a railroad company upon its right of way, being used for a different purpose than buildings upon the land, as classified in section 2026, Revised Codes of 1921, it was within the power of the legislature to place them within a different class, and to exclude them from class 4 of section 1999 by a specific statement that they were excluded, or by placing them specifically in another class, or by other enactments which show the intention to exclude them from class 4, and therefore bring them within class 7, which respondent contends was done in this case.   This is not an arbitrary classi-

fication, but is one based upon substantial distinctions, the one class being obviously different from the other. (See Elliott on Railroads, 3d ed., secs. 887, 888; *Cincinnati etc. Ry. Co.* v. *Kentucky,* 115 U. S. 321, 29 L. Ed. 414, 6 Sup. Ct. Rep. 57; *Pacific Express Co.* v. *Seibert,* 142 U. S. 339, 35 L. Ed. 1035, 12 Sup. Ct. Rep. 250 [see, also, Rose's U. S. Notes] ; *St. Louis etc. Ry. Co.* v. *Worthern,* 52 Ark. 529, 13 S. W. 255.)

To come within class 4, section 1999, both land and the improvements thereon must be assessed by the assessor in accordance with section 2023, and entered in the assessment-book as therein provided. Railroad rights of way not being assessable by the assessor as land, and not being "land" within the meaning of the statutes relating to assessments and classifications of land, and the property mentioned in the petition not being "improvements" upon "land" within the meaning of section 1999, enumerating property within class 4, and said property not being embraced within any of the other five classes, it is by said statute included within class 7, and petitioner is not entitled to the relief prayed for, and the alternative writ heretofore issued should be dismissed.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

In this action the Northern Pacific Railway Company, as relator, asks a writ of mandate compelling respondent as county clerk to calculate and extend upon the assessment-book of Lewis and Clark county the taxable value of all improvements upon relator's right of way, upon the basis of thirty per cent of the assessed value of such improvements. It is alleged that respondent, unless otherwise commanded by this court, will make the calculation on the basis of forty per cent, under an order of the state board of equalization, that board having instructed the county clerks of Montana to extend upon the assessment-books of their several counties the taxable value of buildings and improvements upon the rights of way of railways upon the forty rather than the thirty per cent basis.

The concrete question for decision is whether such improvements are embraced within class 4 or class 7 of section 1999, [1] Revised Codes of 1921, commonly known as the classification law. So far as is material here the provisions of that section are (it being conceded that the other classes have no application): "For the purpose of taxation the taxable property of this state shall be classified as follows:  *  *  *  Class four. All land, town and city lots, with improvements, manufacturing and mining machinery, fixtures and supplies, except as otherwise provided by the Constitution of Montana.  *  *  *  Class Seven. All property not included in the six preceding classes."

Section 2000 provides: "As a basis for the imposition of taxes upon the different classes of property specified in the preceding section, a percentage of the true and full value of the property of each class shall be taken as follows:  *  *  *  Class 4. Thirty per cent of its true and full value.  *  *  *  Class 7. Forty per cent of its true and full value."

Respondent asserts that the subject is controlled by section 16 of Article XII of the Constitution, which declares: "All property shall be assessed in the manner prescribed by law except as is otherwise provided in this Constitution. The franchise, roadway, roadbed, rails and rolling stock of all railroads operated in more than one county in this state shall be assessed by the state board of equalization and the same shall be apportioned to the counties, cities, towns, townships and school districts in which such railroads are located, in proportion to the number of miles of railway laid in such counties, cities, towns, townships and school districts." His contention is that the roadway, which this court has held to mean the right of way, upon which the property in question is situated, is and must be assessed by the state board of equalization as a "roadway," and not as "land." To fortify this position he calls our attention to section 2023, Revised Codes of 1921, in which it is directed that the land must be

assessed in parcels or subdivisions, and which section clearly does not intend to include roadways; and also to section 2026, which directs that all lands shall be classified into seven groups which are stated and none of which includes roadways.   These two sections evidently are directions to the assessor and those who levy taxes upon his assessment, and have no reference to an assessment made primarily by the state board of equalization.

It is asserted that the improvements mentioned in class 4 of section 1999 apply only to those upon land, town and city lots, and as the improvements in question are not upon town or city lots, and not upon land because within a roadway, therefore the improvements in question do not come within class 4, and so inevitably must come within class 7.

By the provisions of the Constitution roadways are regarded as entities and are assessed as such.   Improvements of the character of those involved in the present case have always been separately assessed from the roadway and both sides concede it should be so.

Subdivision 7 of section 2003 directs the assessor to require a statement under oath of "all depots, shops, stations, buildings, and other structures erected on the space covered by the right of way, and all other property owned by any person, corporation, or association of persons owning or operating any railroad within the county."

Subdivision 3 of section 8 of Chapter 3 of the 1923 Session Laws, after giving directions respecting the assessment of roadways and other similar property constituting "a single and continuous property operated in more than one county in the state," provides: "That lots and parcels of real estate not included in the right of way, with the buildings, structures, and improvements thereon, dams, and power-houses, depots, stations, shops, and other buildings, erected upon right of way, furniture, machinery, and other personal property, shall not be considered as a part of any such single and continuous property, but shall be considered as separate and distinct therefrom, and shall be

assessed by the county assessor of the county wherein they are situate.''

But the fact is that section 16 of Article XII of the Constitution consists of two sentences, one a general mandate that ''all property shall be assessed in the manner prescribed by law except as is otherwise provided in this Constitution,'' and the other a specific one relating to the assessment of ''the franchises, roadway, roadbed, rails and rolling stock of all railroads operated in more than one county in this state.'' Further the language does not go. It simply directs that the property mentioned in the second sentence shall be assessed by the state board of equalization and not otherwise. The legislature is free to provide for the assessment of any other railroad property.

The fact is, too, that the improvements in question are situate upon land. Land is defined to be the solid material of the earth, whatever may be the ingredients of which it is composed, whether soil, rock or other substance (sec. 6668, Rev. Codes 1921); and section 1996, Revised Codes of 1921, declares: ''Whenever the terms mentioned in this section are employed in dealing with the subject of taxation, they are employed in the sense hereafter affixed to them.'' Subdivision 3 of section 1996 says the term ''improvements'' includes all buildings, structures, fixtures, fences and improvements erected upon or affixed to the land. Another statute (2001) provides that land and improvements thereon shall be separately assessed. In *Chicago, M. & St. P. Ry. Co.* v. *Murray*, 55 Mont. 162, 174 Pac. 704, this court considered a roadway land and applied the statute which says that structures affixed to the realty are part of the realty to which they are affixed.

If we do not attempt to follow the strained construction contended for by saying what in fact is, is not, we see that the statute as respects the assessment of improvements both on and [2] off the right of way is not obscure. If respondent's contention were correct we should have different valuations for the same kind of property. If a merchant owned a warehouse

upon a tract of land adjoining the railroad right of way, the warehouse would be in class 4, and taxed upon the thirty per cent basis. An adjoining and precisely similar warehouse owned by the railroad upon its right of way would be within class 7, and be taxed upon the forty per cent basis. Both warehouses would be upon land, could not be on anything else. By such construction we should have two classes of improvements precisely similar, without anything to distinguish one class from another, except that the property in one class belonged to a railroad and the other to an individual.

"Classification must be based upon substantial distinctions which make one class really different from another. (*Northwestern Life Ins. Co.* v. *Wisconsin*, 247 U. S. 132, 62 L. Ed. 1025, 38 Sup. Ct. Rep. 444)." (*Northern Pac. Ry. Co.* v. *Sanders County*, 66 Mont. 608, 214 Pac. 596.)

A classification such as respondent contends for would be arbitrary, discriminatory and unfair, and therefore would be unconstitutional. (*Hilger* v. *Moore*, 56 Mont. 146, 182 Pac. [3] 477.) This court will always endeavor to sustain the constitutionality of an Act of the legislature. If two constructions are possible, one of which will result in declaring the law constitutional and the other unconstitutional, the court will prefer the former.

We hold that the improvements in question should be classified under subdivision 4, and it follows that relator's position is well founded.

Let the writ issue.

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.