### BILBY et al. v. GIBSON et al.

No. 17377. Opinion Filed Nov. 20, 1928.

involving the sum of $265,000; that the defendants employed plaintiff to serve them in the settlement, compromise and disposition of such action; that the employment was oral, but was upon the terms that he, plaintiff, was to be paid a reasonable sum for his services in settling said suit; that he was given a maximum limit of settlement and authorized to use in such settlement all the real and personal property sought to be foreclosed and the sum of $25,000, the latter to be furnished by the defendants N. V. and R. I. Bilby; that, under the terms of his employment, the greater would be his services and the larger necessarily the amount that he would earn in settlement, the lower the settlement could be made within the terms of said maximum amount of settlement. Upon said terms plaintiff undertook said settlement as the employee and agent of defendants and made and effectuated an agreement for settlement which was consummated and carried into effect within 90 days, and thereupon plaintiff became due a reasonable amount, not less than $15,000, for his services; that said settlement was made upon terms considerably within the fixed limits, and was brought about and consummated by the direct efforts of plaintiff under said employment, and he saved to the defendants the whole of the said sum of $25,000, as well as a large part of the personal property, at least $5,000 thereof, by them offered for said settlement; that because the employment of said plaintiff therein was to be paid for only in contingency of success, it was understood and agreed that his compensation was to be many times larger than if it had been paid for by the day or week, and it was understood and agreed that his compensation was to be made in accordance with the size of the project and the relative proportion that the settlement bore to the indebtedness owed; that the entire amount of money and property accepted by plaintiffs and interveners in said suit in settlement of the same did not exceed the sum of $90,000, and plaintiff was able to settle said indebtedness for practically one-third thereof.

Plaintiff further alleged a demand for payment of the services which was refused, and he prayed judgment for $15,000 with interest. Personal service of summons was had upon the defendant J. Ed. Bilby, in Tulsa county, and upon N. V. Bilby, in Hughes county. The defendant N. V. Bilby, who appears to have been a resident of Hughes county, Okla., at the time of the

Robson & Moreland, for plaintiffs in error.

Chas. West, for defendants in error.

LEACH, C. Kelly F. Gibson, defendant in error, commenced this action in the district court of Tulsa county, wherein he, as plaintiff, sought to recover of and from the defendants, J. Ed Bilby, N. V. Bilby, and R. I. Bilby, the sum of $15,000 for alleged services rendered by him for the defendants. The petition filed by plaintiff stated, in part and in substance, that on the 24th day of April, 1920, the defendants R. I. Bilby and N. V. Bilby were under a binding, legal obligation to assist with their means in satisfying the legal debts of J. Ed Bilby; that there was then pending in the state of Kansas a suit against J. Ed Bilby upon certain of his legal obligations, notes and mortgages,

service of summons upon him, filed a motion to quash, set aside and vacate the pretended service of summons, giving as grounds and the reason therefor:

"That the same was not issued, served and returned according to law, and is insufficient to confer jurisdiction on this court,"

—which motion to quash was overruled, and he filed a motion to make plaintiff's petition more definite and certain, also a motion to strike certain portions thereof, and later a demurrer was presented to the petition, all of which were overruled and excepted to, whereupon the defendant N. V. Bilby filed an answer in the nature of a general denial. The defendant R. I. Bilby, being a nonresident of Oklahoma, entered his appearance in the cause and filed an answer in the nature of a general denial. The defendant J. Ed Bilby filed an answer in the cause, admitting that the plaintiff effected a settlement and compromise of the suit pending against him in the state of Kansas, but specifically denied that the plaintiff was acting as agent for him, or under any contract of employment with him, and alleged that the services rendered by the plaintiff were at the request and on behalf of the other defendants.

Upon a trial of the cause a verdict was rendered in favor of the plaintiff, Gibson, against N. V. and R. I. Bilby, for the sum of $6,000, with interest thereon, and a verdict in favor of the defendant J. Ed Bilby absolving him of liability. Judgment was entered in accord with the verdict, from which N. V. and R. I. Bilby bring this appeal, and allege and set forth in their joint petition in error several grounds for reversal.

The first assignment of error argued and presented in the brief of plaintiffs in error, No. 11, in their petition in error, relates to the order of the court overruling the motion of the defendant N. V. Bilby to quash the summons. We will consider such assignment in connection with their seventh assignment of error in the petition in error, which is:

"That the court was without jurisdiction to render a judgment in favor of plaintiff against N. V. and R. I. Bilby or either of them."

It was the contention of the plaintiffs in error that the action was a joint one, and that since the jury found in favor of the defendant J. Ed Bilby, the action could not then be maintained in Tulsa county as against the defendant N. V. Bilby, who was a resident of Hughes county, Okla., and that no judgment could be entered upon the verdict as against N. V. and R. I. Bilby because the action was a joint one. The plaintiffs in error rely upon the holding in the case of Fisher v. Fiske, 96 Okla. 36, 219 Pac. 638, the syllabus of which is as follows:

"Sections 207 and 234, Comp. Stats. 1921, create an exception to the general rule that a defendant may be sued only in the jurisdiction of his residence. But, in order to give the court jurisdiction over joint defendants who are nonresidents of the county where the suit is brought and for whom summons has been issued to another county, the averments of the petition and the proof on the trial must show that the plaintiff has a valid joint cause of action against the resident defendants on whom valid service is had as well as against the nonresident defendants."

If the motion of the defendant N. V. Bilby to quash the summons was meritorious and sufficient in form to raise the question of the jurisdiction of the court on account of his being a nonresident, the error, if any, in overruling such motion is not properly before this court because he failed to present the same in his motion for new trial. He assumes that the assignment, "Errors of law occurring at the trial and excepted to by defendant," in the motion for new trial and in petition in error is sufficient to cover and include the order and ruling of the court in overruling his motion to quash the summons, but such is not the rule, and the same is not sufficient under the holding of this court in the following cases: Sarlls v. Hawk, 46 Okla. 343, 148 Pac. 1030; Akin v. Bonfils, 47 Okla. 492, 150 Pac. 194; Baker v. Citizens' State Bank, 74 Okla. 182, 177 Pac. 568; First Nat. Bank v. Farmers' State Guaranty Bank, 62 Okla. 30, 161 Pac. 1063; W. T. Rawleigh Co. v. Riggs, 123 Okla. 42, 252 Pac. 428; C., R. I. & P. Ry. Co. v. Warren, 132 Okla. 107, 269 Pac. 368; Clark v. Herbert, 132 Okla. 272, 270 Pac. 329; which hold, in effect, that an order overruling such a motion cannot be reviewed under the assignment of error, "Errors of law occurring at the trial," and unless presented to the trial court in motion for new trial and assigned as error in petition in error, the same cannot be reviewed on appeal. Plaintiffs in error say that even though the motion of N. V. Bilby to quash the summons may not have been erroneously overruled at the time it was presented, because the petition alleged a joint cause of action against the

defendant, yet, when the jury returned a verdict in favor of J. Ed Bilby, the resident defendant, then the court under the holding in the Fisher v. Fiske Case, supra, was without jurisdiction and authority to render judgment against them. Such contention might have some merit if it were assigned by N. V. Bilby alone, but is without merit when presented under a joint assignment. R. I. Bilby entered his appearance in the case without objection to jurisdiction, and since the assignment of error is a joint one, the same is clearly not good as to R. I. Bilby, and therefore not good as to either under the joint assignment of error.

"A joint assignment of error must be good as to all who join in it, or it will be good as to none." Niles v. Citizens' Natl. Bank, 110 Okla. 146, 236 Pac. 414; Kingkade v. Plummer, 111 Okla. 197, 239 Pac. 628.

"Where a joint motion for new trial is filed and a joint assignment of error is relied on, that the evidence was insufficient to sustain the judgment as to all of the defendants, if not good as to one, no inquiry will be made as to the other, and the error assigned is of no avail." W. T. Rawleigh Co. v. Riggs, 123 Okla. 42, 252 Pac. 428.

The question as to the action being a joint one and not a joint and several one is elsewhere discussed herein. The eleventh and seventh assignments of error cannot be sustained.

The thirteenth, fourteenth, and fifteenth assignments in petition in error, presented in brief as Nos. 2, 3, and 4, refer to and cover the alleged errors of the trial court in overruling the motions of the defendant N. V. Bilby to make plaintiff's petition more definite and certain, and to strike certain portions thereof and in overruling his demurrer to the petition. What we have heretofore said relative to the eleventh and seventh assignments of error and the cases cited thereunder apply with equal force and effect to the latter assignments. The alleged errors complained of were not presented in a motion for a new trial, and furthermore the defendant R. I. Bilby did not join in the motions and demurrer to the petition. The assignments of error being covered by a joint petition in error, and not being good as to both plaintiffs in error, are not good as to either. However grievous the errors may be, they are not grounds for reversal for the reasons above stated.

Plaintiffs in error further assign as error the overruling of their demurrer to plaintiff's evidence, also failure of the court to give their requested instruction to the effect that the jury should return a verdict in their favor. They also contend and have assigned in petition in error "that the verdict and the judgment is not sustained by sufficient evidence," "that the judgment was excessive, appearing to have been given under influence of passion or prejudice," and "there was error in the assessment of the amount of recovery in that the same is exceedingly too much."

The assignment that the court erred in overruling the demurrers to the evidence is divided into four subdivisions, the first being: "The evidence of the plaintiff fails to show an expressed contract of employment on the part of the defendants," under which head the plaintiffs in error in their brief say:

"The rule of law we want the court to apply in this instance is, 'In an action where the petition declares alone upon an express contract and full performance thereof is pleaded no recovery can be had upon a quantum meruit.'" Dunn v. T. J. Cannon Co., 51 Okla. 382, 151 Pac. 1167.

It is urged that the rule stated is applicable because the plaintiff alleged in his petition an expressed contract of employment, while the proof failed to so show and that plaintiff now seeks to recover or sustain the verdict and judgment upon quantum meruit under an implied contract. Plaintiff's petition is not as definite and certain as might be desired as to the terms and conditions of employment, and especially that part relating to the compensation to be paid plaintiff. Certain portions appear inconsistent with others. In one paragraph or part it is stated that plaintiff was to be paid a reasonable sum for his services, while later on in the petition it is alleged that the larger would be plaintiff's compensation in proportion to the advantageous terms of settlement of the suit, while elsewhere it is stated that the payment for the service was contingent upon plaintiff's success of adjusting the suit, and that by reason of such, his compensation was to be many times larger than if it had been paid for by the day or week. Nowhere does the petition allege any agreement as to the specific amount of compensation or any fixed basis for computing the same. The contract alleged appears to have been an express one as to the employment, but not as to the amount of compensation to be paid. Section 5030, C. O. S. 1921, defines an express contract as one "the terms of which are stated in words," while section 5031 defines an implied contract as one "the

existence and terms of which are manifested by conduct." The testimony and evidence of the plaintiff, Gibson, was in part to the effect that J. Ed Bilby came to him to get money to cover his expenses in going to Kansas to see about having the trial of the suit there pending against him continued, and that he, Gibson, called up and talked to N. V. Bilby over the phone regarding such request, and N. V. requested him to go to Kansas instead of Ed and see about the suit there pending, but nowhere in his testimony or evidence does he state or show that he was to be paid for such services upon a basis of the amount he saved in adjusting the suit, nor is there any evidence that his compensation was contingent upon his success. His evidence as to the defendant R. I. Bilby is to the effect that R. I. Bilby stated to him one time that he might need his services in adjusting the Kansas litigation, and that after the plaintiff had made the adjustment pursuant to request of N. V. Bilby, R. I. Bilby seemed pleased to hear of such adjustment. The theory of plaintiff and basis of his claim as against J. Ed and R. I. Bilby apparently is that they were liable for the services rendered because they received the benefits thereof and ratified the employment, although no specific pleading to that effect is made.

The allegation in plaintiff's petition to the effect that he was to be paid a reasonable sum for his services is nothing more than what the law implies. The other allegations of plaintiff's petition, to the effect that he was to be paid according to the terms upon which he settled the Kansas suit, and only in the event of success, is not sustained by the evidence, there being no evidence to such effect. Under the evidence introduced, all that plaintiff would be entitled to recover as against any of the defendants upon any theory would be a reasonable compensation, and such compensation could not be computed or considered on a basis that plaintiff was to be paid only in the event or contingency of success.

The proper rule under the record and evidence in the instant case, at least so far as the same applies to the defendant N. V. Bilby, is the principle and rule stated in Scully v. Williamson, 26 Okla. 19, 108 Pac. 395, in which it was said:

"When a real estate broker sues to recover compensation for services rendered in procuring a purchaser under a contract which fails to fix his rate of compensation, he is entitled to recover a fair and reasonable compensation for the services rendered in compliance with his contract."

A similar holding will be found in Talla v. Anderson, 53 Okla. 418, 156 Pac. 670; Wasson v. Clymer, 112 Okla. 59, 240 Pac. 314; Lowenstein v. Holmes, 40 Okla. 33, 135 Pac. 727. In the latter case it is stated in the syllabus:

"Where, in an action, plaintiff alleges that it 'being then and there understood that the said plaintiff should receive as his commission the usual and customary (and reasonable) commission paid the real estate agents of the city of Oklahoma City, Okla., at said time,' and the proof shows that the defendant in parol employed the plaintiff as such agent without agreeing as to the amount or terms of the compensation, it being implied, as a matter of law, that the plaintiff should receive the customary or reasonable price therefor, held to be an immaterial variance.

"A variance in the description of a contract which must be construed the same whether or not the variance existed, not changing its nature, will not be regarded."

The next proposition argued is:

"That the plaintiff pleaded a joint contract of employment, but the evidence introduced by him did not sustain his allegation in this respect"

—under which proposition the case of Fisher v. Fiske, supra, is again referred to, and it is contended by plaintiffs in error that, since the evidence failed to establish a joint contract of employment as to all the parties defendant, including J. Ed Bilby, the plaintiff would not be entitled to recover as against the other defendants. Certain decisions from courts of other states are cited to the effect that a plaintiff cannot allege a joint liability on a contract and prove a joint and several, or a several liability. Section 5062, C. O. S. 1921, provides:

"Where all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several."

Aside from the question of the necessity of proving a joint contract as against a nonresident of the county in order to secure jurisdiction of the nonresident, which is the question in the case of Fisher v. Fiske, supra, and which question has heretofore been discussed and disposed of under the eleventh and seventh assignments, we find that the failure to prove and establish a joint contract as to all the defendants would not deprive plaintiff of his right of recovery as against some of the defendants. We con-

sider the contract to be joint and several under the provisions of our statute, and controlled by the holding in Outcalt v. Collier, 8 Okla. 473, 58 Pac. 642; Fidelity & Deposit Co. of Maryland v. N. S. Sherman Machine & Iron Works, 62 Okla. 29, 161 Pac. 793; Cain v. Quannah Light & Ice Co., 131 Okla. 25, 267 Pac. 641.

The next subdivision discussed under the demurrer is that the evidence of the plaintiff shows that the services for which he says he was employed were never fully performed. As to this particular contention, we find the evidence sufficient to sustain the finding and verdict of the jury upon that particular point.

The next contention advanced in support of the demurrer is:

"That there is no evidence in the record of the reasonable value of the services rendered."

In response to this contention, the defendant in error, plaintiff below, says:

"There must be some evidence, but not opinion evidence. There is no such a thing as a licensed adjuster nor profession of adjuster. There are no customs except the well-known custom known to all jurors that 10 per cent. is a customary collection fee. So opinion evidence would be inadmissible."

The cases, McClintock v. Parish, 72 Okla. 260, 180 Pac. 689; Oklahoma Coal Co. v. Hays, 71 Okla. 248, 176 Pac. 931, are cited, which cases sustain judgments for attorney fees, where special or opinion evidence as to the value of the attorney fees was not introduced. In the McClintock v. Parish Case, supra, which was a suit on an injunction bond, the jury found as part of the damages $25 attorney fees. This court held that under the facts shown there was sufficient evidence to sustain the finding, it being therein stated: "It is not contended the amount fixed was unreasonable."

In the other Oklahoma case cited, the action was tried before the court. The decisions of this court on the question of awarding attorneys fees, where no special or opinion evidence of the value of such fees is shown are not entirely uniform, as will be observed from an examination of other cases on the question later referred to herein.

The question here is whether from the facts and evidence given there was sufficient from which the jury could arrive at an intelligent and reasonably correct value of the alleged services. Plaintiffs in error, in support of their assignment, cite, together with a number of somewhat similar decisions from other states, the case of Winch v. Warner (Supreme Court, Appellate Division) 174 N. Y. S. 819, which was an action to recover the reasonable value of services performed by plaintiff for defendant, through which service the defendant was to acquire the control of or title to a gas plant. The plaintiff was a promotor and had been engaged for a number of years in connection with the organization and consolidation of utilities corporations. In the body of the opinion, the court made the following statement, which we consider appropriate and applicable to the case at bar:

"The learned counsel for the respondent argues that, since the jury would not be bound by opinion evidence with respect to the value of the services, it must be that the jury are at liberty to determine the value thereof without evidence. That does not follow. The jury may be aided by opinion evidence, and guided thereby to a certain extent, even though they do not accept it as given; and it is well settled in this jurisdiction that there must be evidence of the value of services, other than that showing the nature and extent thereof, in order to authorize a recovery on quantum meruit of more than a nominal amount therefor.

"The respondent relies upon Sutherland on Damages (14th Ed.) p. 680. * * * He states the general rule to be that, if the nature of the services be such that it is not to be presumed that the value thereof would be common knowledge, and therefore possessed by the jurors, there should be such proof of the value as could be made in the circumstances of the particular case. Woodward v. Donnell (Mo.) 123 S. W. 1004. The authorities upon which appellant relies are all in other jurisdictions, but the rule stated there does not materially differ from ours, which is as already stated.

"It is quite clear that this case is susceptible of better evidence than was presented. It would seem that the plaintiff, from his long experience in promoting corporate enterprises, should be able to qualify as a witness to testify with respect to the value of these services; but, if not, he should be able to show their value by witnesses familiar with the value of such services, or, if that be not possible, familiar with the value of somewhat similar services, which would afford some guide to the jury."

In the case of C., R. I & P. Ry. Co. v. Hale (C. C. A.) 176 Fed. 71, error was alleged in the action of the trial court in permitting plaintiff to give his opinion as to a certain state of facts, and the court there, speaking through Judge Sandborn, stated the following rule:

202

"The general rule is that witnesses must state facts, and may not state their opinions.

"There is an exception to this rule to the effect that the opinions of witnesses who possess peculiar skill or knowledge may be received when the facts are such that persons without such skill or knowledge are likely to prove incapable of forming a correct judgment relative to the matter in hand without such opinions."

In the body of the opinion in the case of Prickett v. Sulzberger & Sons Co., 57 Okla. 582, 157 Pac. 361, is found the following quotation:

"A witness' opinion is admissible as evidence, not only where scientific knowledge is required to comprehend the matter testified about, but also where experience and observation in the special calling of the witness give him knowledge of the subject in question beyond that of persons of common intelligence."

"The opinion of an expert witness is admissible in evidence whenever the subject-matter of inquiry is such that the jury are unlikely to prove capable of forming a correct judgment upon it without such assistance; the value of such evidence, however, is for the jury to determine." C, R. I. & P. Ry. Co. v. Pruitt, 67 Okla. 219, 170 Pac. 1143.

"In a case where the subject-matter is one with which the average experience and common sense of the jury or triers of fact are insufficient to deal, and from the primary facts they cannot intelligently determine the ultimate facts or reach the proper conclusion which should be deduced therefrom, there becomes competent as evidence the opinion of one who, from study and experience, is an expert in his knowledge of such matters. The refusal of the court to receive such proffered proof, when clearly competent, is ordinarily reversible error." Turner-Tulsa Co. v. H. Schnell & Co., 107 Okla. 125, 230 Pac. 918.

This court in a number of cases has held that the trial court was without authority to award attorney fees to the successful party in an action without special or opinion evidence as to the value of such fees. Holland Banking Co. v. Dicks, 67 Okla. 328, 170 Pac. 253; Ardmore Hotel Co. v. J. B. Klein Iron & Foundry Co., 104 Okla. 125, 230 Pac. 734; Holmes v. S. H. Kress & Co., 100 Okla. 131, 223 Pac. 615; Getman v. Hayhow, 103 Okla. 161, 229 Pac. 559.

It is urged that the judgment (verdict) was excessive, appearing to have been given under influence of passion or prejudice. The record discloses that the plaintiff, Gibson, lived at Broken Arrow, Okla., and he testified in response to an inquiry as to his occupation:

"Well, I spend most of my time settling litigation and I am not an attorney, but I spend time out settling litigation and reading law and getting the facts for attorneys to settle and carry farming as my occupation. * * *"

Plaintiff introduced the deposition of one Higgs, in which the witness testified, referring to plaintiff:

"He told me he had been an adjuster, and was with the railroad for many years, had adjusted many claims, and that he was employed by the Bilbys to adjust this claim. * * *"

The record further discloses that the plaintiff, Gibson, left his home on the evening of April 22nd, in going to Kansas to see if he could adjust the lawsuit there pending; that on the night of the 23rd, while traveling on the train going to Scott City, Kan., to settle the suit, he met some of the parties plaintiff in the suit, and their attorneys, and spent the principal part of the night in discussing the case with them; that the matter was finally adjusted and stipulation drawn the following day; that he reached home on his return the morning of April 27th. Nowhere in the record is there any claim as to the value of the services rendered except the opening statement of counsel for plaintiff and in plaintiff's petition, nor is there any opinion evidence as to what would be a reasonable compensation for the services rendered. It is not probable that many, if any, of the jurors ever had occasion to consider or observe the class of service rendered by plaintiff, or personally learn the usual value and compensation paid for such or similar service.

The rule of allowing 10 per cent. collection fee, which defendant in error says is a well-known custom to jurors, would not be a proper basis in determining the reasonable value of the services in the instant case.

From an examination of the entire record, we are of the opinion that the plaintiff failed to produce any competent or sufficient evidence upon which the jury could reach a reasonable or intelligent verdict as to the amount due for his services. We are unable to determine how or upon what basis the jury reached the conclusion that $6 000 should be paid plaintiff for his services. We cannot say that the jury was influenced by prejudice or passion, but we do think the verdict was arrived at without sufficient evidence and proper instructions.

Plaintiffs in error assign as error and com-

plain of the action of the court in admitting certain testimony on behalf of plaintiff, and in rejecting certain testimony offered by the defendants. It appears from the record that plaintiff was allowed a wide latitude in what the court termed "preliminary evidence," and that some of the recitation and statements made were immaterial and possibly tended to confuse rather than enlighten the jury.

Complaint as to admission and rejection of testimony may not again arise, and will likely not arise, if the parties are restricted in their testimony to the issues in hand.

Plaintiffs in error objected to and complain of certain instructions given. The trial court, in stating the issues to the jury in his instructions, quoted practically verbatim the petition of the plaintiff, Gibson, wherein it was recited that plaintiff was to be paid and his services were to be computed at a much higher sum than otherwise, because his compensation was dependent upon the success of his settling the litigation in Kansas, and that his compensation should be based and considered in proportion to the amount for which the settlement was made bore to the terms of the settlement authorized by the defendants. We refer to the statement, which was objected to by the defendants, but is not specifically argued or presented in their brief, because of the relationship we consider it has to the instructions which followed the statement of the issues. The first instruction complained of is No. 2, wherein the court instructed the jury that the material matters in the case for their determination were:

"First. Did the defendants, or any of them, employ the plaintiff to settle the litigation pending against J. Ed Bilby in the state of Kansas?

"Second. If so, did he perform any services?

"Third. In the event you should find from a preponderance of the evidence the plaintiff was both employed and performed services for the defendants in the settlement of said litigation, it will then be necessary for you to ascertain and decide from the evidence what is the reasonable compensation for the plaintiff for said services, and in this connection you are instructed that if you shall believe from a preponderance of the evidence that the plaintiff was employed by the defendants as alleged in his petition to settle the litigation in the state of Kansas, and that pursuant to said employment he consummated the settlement, then you should find for the plaintiff; otherwise, your verdict should be for the defendants."

The objection urged to the instruction is

that it is not in accord with plaintiff's petition in that it assumes a joint and several contract or agreement. Second. That the jury is authorized to ascertain if the plaintiff performed any services. What we have heretofore said as to the contract being joint and several, and the right of recovery by plaintiff as against one or more of the defendants, is applicable to the first objection. The second objection to the instruction is cured, as we view it, by the latter or third part of the instruction. The third or latter part of the instruction is objected to because it is urged there was no evidence showing what a reasonable compensation for the services was. The latter objection was disposed of in discussing the demurrer to plaintiff's evidence.

The next instruction complained of is No. 4, wherein the court advised the jury that if they found that any one of the defendants employed the plaintiff to perform the services referred to, and that he did perform said work, and that the other defendants or either of them ratified the action of their codefendant in making said employment after the work was performed, such of said defendants as so ratified, such ratifications would be equivalent to employing the plaintiff in the first instance. The same objection is urged to this as to the former, that is, that the instruction should have been based upon a joint contract or agreement, and must show an employment by all the defendants rather than by one. Further objection is made to the instruction because the same authorizes a recovery if there was a ratification by any of the parties defendant. Plaintiffs in error contend that plaintiff based his right of recovery upon an express contract, and did not plead or allege any agency or ratification. Apparently, the theory of the court and that now advanced and relied upon by the defendant in error, plaintiff below, to sustain the verdict and judgment, at least as against the defendant R. I. Bilby, is that he, R. I. Bilby, received the benefits of and ratified the employment by N. V. Bilby, although there was no such plea or theory advanced or alleged in the petition of plaintiff as we view it. Unless waived by failure to object to the introduction of testimony, the evidence, as well as the instructions, should be confined to the pleadings.

"'It is a general rule in actions at law that in order to enable plaintiff to recover or defendant to succeed in his defense, what is proved or that of which proof is offered by the party on whom lies the onus probandi must not vary from what he has previously alleged in his pleadings; and this is not

a mere arbitrary rule, but is one founded on good sense and good law.' * * *

"It is error to admit testimony in support of facts not put in issue by the pleadings, and, as a logical corollary, it is error to instruct the jury upon issues not raised by the pleadings." Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1117; El Reno Wholesale Grocery Co. v. Keen, 93 Okla. 198, 220 Pac. 653; Anglo-Texas Oil Co. v. Manatt, 125 Okla. 92, 256 Pac. 740.

Plaintiffs in error objected to and complain of instruction No. 6, which is as follows:

"The jury is instructed that if they find that the defendants did, in fact, employ the plaintiff substantially as alleged in his petition, and that the services claimed by plaintiff were performed and accepted by the defendants, then, in such case, you should find for the plaintiff in such a reasonable sum as you may believe the facts and circumstances justify, considering the amount involved and the saving, if any, effected by the plaintiff for the defendants; in all, however, not to exceed the sum of $15,000."

We consider the instruction, in the absence of any further explanation or instruction, objectionable and prejudicial. The objection and fault we find in part with the instruction, also No. 2, is that part referring to plaintiff's petition: "If they find that the defendants did in fact employ the plaintiff substantially as alleged in his petition," by implication, if not direct words, authorizes the jury to consider and take into account in arriving at a reasonable compensation that plaintiff's employment was upon a contingent basis, as alleged in the petition, when there was no evidence to such effect.

Considering the evidence, instructions, and record, as a whole, we are of the opinion that the jury was without sufficient evidence and instructions to enable them to properly and intelligently arrive at the reasonable compensation, if any, due plaintiff, and a correct verdict.

Judgment of the trial court is reversed, and cause remanded for new trial.

BENNETT, FOSTER, TEEHEE. and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.