TAXICAB DRIVERS' LOCAL UNION NO. 889, Gloyd Davidson, and Joseph Maroof, Plaintiffs in Error,

v.

J. H. COOK, Defendant in Error.

No. 37009.

Supreme Court of Oklahoma.

May 6, 1958.

C. W. Schwoerke, Oklahoma City, for plaintiffs in error.

Everett E. Cotter, Johnson, Gordon & Cotter, Oklahoma City, for defendant in error.

PER CURIAM.

This action was initiated by defendant in error, plaintiff below, to recover damages for the alleged wrongful actions of the various defendants below in instituting and conducting disciplinary action against him within the defendant labor union and thereafter causing the loss of his job. The initial petition joined several individuals, the plaintiff's employer, the International Brotherhood of Teamsters, and the plaintiffs in error as defendants; but all save the present plaintiffs in error and the International Union were omitted from the third amended petition upon which the action was tried. At the conclusion of the trial and after verdict for plaintiff, the trial court sustained a motion for new trial by the International Union but overruled the motion of plaintiffs in error and entered judgment against them conforming to the verdict of the jury. They have appealed.

The facts out of which this action arose are, in all material respects, substantially the same as those stated in Taxicab Drivers'

Local Union No. 889 v. Pittman, Okl., 322 P.2d 159. We shall not restate them here. This action was not consolidated for trial with the Pittman case, as were other actions also arising out of the same facts, but the issues presented in this case concerning these defendants are substantially the same as those presented in that case concerning the same defendants. Our conclusion here is largely controlled by our conclusion in that action.

■■■ After service of process the defendant Local Union appeared specially and questioned the service of process on it as an entity under the provisions of Section 182, 12 O.S.1951, for the asserted reason that it was not "engaged in any business for profit or gain." This motion was overruled and no other pleading was filed questioning the service of process on the defendant or the suability of the Union as an entity. This is a question which may be waived. Jantzen v. Emanuel German Baptist Church, 27 Okl. 473, 112 P. 1127. The action of the trial court in this regard was not presented to the court by the defendant's motion for new trial. The question has not been presented for review. Taxicab Drivers' Local Union No. 889 v. Pittman, supra; Bilby v. Gibson, 133 Okl. 196, 271 P. 1026.

■■■ As in the other actions, the Local Union asserts in this action that no cause of action was stated or proved against it because the individuals whose acts caused the plaintiff to lose his job were as much his agents as the agents of the other union members. The fallacy of this argument was discussed in our opinion in the Pittman case. We see no necessity to elaborate further. The obstacles to the satisfaction of a judgment from any assets other than those of the Local Union do not preclude a determination of its liability as a factual entity.

■■■ We noted in our other opinion, above cited, that the gravamen of all these actions for damages was the wrongful interference with the plaintiff's employment. With this in mind, the argument alleging a failure of the evidence to disclose that the Union's action proximately caused plaintiff's damages is without merit. There was ample evidence in this case to disclose that the Local's Business Agent, Davidson, and the Local's President, Maroof, who were charged with responsibility in these matters by the Union Constitution and By-Laws, caused the plaintiff to be suspended from work for his failure to pay a fine which was wrongfully imposed by the Union tribunal and void. These officers were acting on behalf of the Local Union and within the authority specifically granted them by the Local Union. Their actions caused the damage.

■■■ Defendants also complain of certain instructions given by the court. Instruction No. 13 contained language which is contrary to the Union Constitution provision concerning a waiver of a fine pending appeal to the International Union. In this regard the instruction was not correct, but we fail to see how it was prejudicial. We held in the Pittman case that the fine was absolutely void for failure of the Union to grant plaintiff a trial. He was not, therefore, obligated to pay the void penalty, and the Union or these individual defendants cannot justify their interference with his employment upon the basis of his refusal to pay. The jury was properly instructed that a wrongful refusal to accept plaintiff's dues, which he had tendered, would constitute no defense. That part of the instruction concerning a reasonable time for granting a waiver of the fine was simply immaterial. Instruction No. 11 concerning the duty and liability of the Local and International Unions contained no prejudicial error for the same reasons. If the instruction was objectionable as applied to the International Union, that can offer no comfort to these defendants concerning whom adequate instructions were given as related to the facts on which their liability rested. Finally, Instruction No. 10 concerning agency also lacks prejudice inasmuch as the undisputed evidence disclosed the agency of the individuals in the performance of their duties as officers of the Local Union when they caused plaintiff to be suspended. Nei-

ther do we find reversible error in the admission of evidence of a conversation with one of these officers. Briefly, we note that the petition in error and the assignments of error by these defendants concerning all these instructions and the evidence are joint, not several, and for this reason too no reversible error is presented. Bilby v. Gibson, supra; Rein v. Patton, 208 Okl. 442, 257 P.2d 280.

Defendants also contend that the amount of damage awarded is not sustained by the undisputed evidence. The jury verdict was for the exact amount claimed by the petition which included the plaintiff's weekly earnings for each week prior to trial since his discharge. The defendants' contention arises because after several months of unsuccessful effort to find other work, plaintiff had to have a hernia operation in order to correct the disability which prevented him from securing work other than as a cab driver. Naturally he was disabled for a period as a consequence of the operation. We are not persuaded that this period should not have been allowed in computing damages. Plaintiff was not able to secure another job as a cab driver because of the Local Union's adjudication and its closed-shop contract with the other cab companies in this area. His operation helped to enable him to qualify for other employment after having been refused work by reason of the hernia. This was an effort to mitigate the damages for which defendants are responsible. They cannot complain.

What we have heretofore said in this opinion and in our opinion in the Pittman case, supra, disposes of the defendants' contentions concerning the submission to the jury of the issue of a fair union trial of plaintiff as well as the sufficiency of the evidence as against the defendants, Maroof and Davidson.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court, and thereafter, upon report and consideration in Conference, the foregoing opinion was adopted by the Court.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS and JACKSON, JJ., concur.